LANG, Respondent v. BURNS, Appellant

(97 N.W.2d 863)

(File No. 9736.   Opinion filed July 21, 1959)

Rehearing denied  August  27,  1959.

**Thos. G. Wall,** Sturgis, for Defendant and Appellant.

**William F. Brady,** Rapid City, for Plaintiff and Respondent.

RENTTO, J.   In this action plaintiff Lang asked for a judgment against the defendant Burns because of a loan made by him to Burns, which he claims is unpaid. While Burns denied the complaint generally his evidence does not dispute the loan. His sole defense is that his obligation to repay the money was extinguished by an accord and satisfaction. The jury found for Lang and Burns appeals from the judgment entered. His present attorney did not appear as his counsel in the trial.

On or about April 13, 1954, Burns and a friend went to the home of Lang who was then operating a tourist court in Sturgis, South Dakota, to negotiate a loan of $500. He was successful in this effort. As evidence of the loan he gave Lang his promissory note payable in six months and left with him as security a $500 U.S. Government Series H bond. The bond was not cashable at that time but did mature in about six months. It was payable to Helen M. Burns or Louis H. Burns, apparently his mother and father. Defendant Burns had a power of attorney from his mother authorizing him to do all acts necessary to receive payment for said bond. This type of bond is nonnegotiable and to secure

payment it must be endorsed and surrendered to a Federal Reserve Bank.

On or about the due date of the note Burns went to the home of Lang and explained that he was unable to pay it. He paid Lang $20 as interest and got his note back. The bond was then taken to the bank at Sturgis where Burns endorsed and delivered it to the bank along with his power of attorney. The deposit slip showing that the bond was entered for collection was to the credit of Burns.

The bond and power of attorney were sent by the bank to the Federal Reserve Bank. Before it would pay the bond Helen M. Burns had to execute a separate endorsement. A check in payment of the bond was issued payable to her and sent to the bank at Sturgis. It sent the check by mail to her at Kansas City for endorsement and return. Whether she ever received it does not appear. In any event it was not returned nor were its proceeds. Burns' version is that Lang accepted the bond in payment of the note and that he acted only as Lang's agent in surrendering it for payment. This is the theory of his defense of an accord and satisfaction.

In this state accord and satisfaction are matters of statute:

> SDC 47.0233.  An accord is an agreement to accept, in extinction of an obligation, something different from that to which the person agreeing to accept is entitled.

> SDC 47.0234.  Though the parties to an accord are bound to execute it, yet it does not extinguish the obligation until it is fully executed.

> SDC 47.0235.  Acceptance by the creditor, of the consideration of an accord, extinguishes the obligation and is called satisfaction.

It is an affirmative defense and must be specifically pleaded. SDC 33.0905.  The burden of proof to establish such defense is on the party who seeks to rely on it.

Our statutes make clear that it is basically a matter of contract between the parties. As is the case with

contracts generally it may be either express or implied. SDC 10.0601. In the former the terms are stated in words while the latter and its terms are spelled out of the conduct of the parties. In either case a meeting of the minds of the parties is essential to an accord.

▆ In his testimony concerning his meeting with Lang on the due date of the note Burns said: "I told him I didn't have the cash to pay off his note and he could take the bond and cash it and I gave him a check for $20 for the interest that was due for the time the money had been out." The unexplained return of the note could be considered as supporting this view. Apparently this is the basis for his motion for a directed verdict on the ground that he had established an accord and satisfaction by testimony that was undisputed. The denial of this motion is assigned as error.

While the quoted statement is not directly denied by Lang there are other facts and circumstances, including Burns' subsequent conduct, which tend to contradict such testimony. In this connection it must be noted that there are occasions when actions speak louder than words. Whether the statement, if uncontradicted, would make it the duty of the trial court to direct a verdict under the rule of Jerke v. Delmont State Bank, 54 S.D. 446, 223 N.W. 585, 72 A.L.R. 7, we need not discuss. Our review must be on all the evidence and on this record we think it clear that the trial court was not required to grant the motion.

▆ ▆ In reviewing the refusal of a trial court to direct a verdict for a defendant this court must view the evidence in the light most favorable to the plaintiff and give him the benefit of all reasonable inferences which may be drawn therefrom. Mehlberg v. Redlin, 77 S.D. 586, 96 N.W. 2d 399. A verdict by direction is justified only when the evidence conclusively establishes the right of the moving party. Federal Land Bank of Omaha v. Houck, 68 S.D. 449, 4 N.W.2d 213. This occurs when the evidence is so one-sided that reasonable minds can reach no other conclusion.

While Lang's evidence is not strong it does provide a basis for inferences favorable to him. These take on added

significance if the agreement is one which must be spelled out of the conduct of the parties. A review of this record reveals facts and circumstances from which it could fairly be inferred that Lang did not agree to accept the bond in extinction of the obligation owed him by Burns. We are persuaded that reasonable minds acting reasonably could conclude that the parties intended only that the debt owed Lang would be satisfied when the money received on surrender of the bond was paid to him. It follows that the court did not err in refusing to direct a verdict for Burns.

■ ■ After the case was at issue but before trial Burns asked to have the bank at Sturgis and its vice president, who handled the cashing of the bond, brought in as defendants. The theory of this application seems to be that the proceeds of the bond were lost because of the manner in which the bank handled the matter. He proceeds from this basis to claim that these two parties are liable to Lang for their negligence. The denial of this motion is assigned as error on this appeal which is only from the judgment. On an appeal from a judgment this court may review intermediate orders. However, they must involve the merits and necessarily affect the judgment appealed from. SDC 33.0710. It is our view that the order denying the application to bring in these additional parties does not necessarily affect the judgment appealed from. Williams v. Williams, 6 S.D. 284, 61 N.W. 38.

One group of assignments is concerned with instructions given and the refusal to give others. In this connection it is well to again point out that our right to review such matters is limited. Rule 147 of this court, which appears as SDC 33.1318, makes this positive declaration, "No grounds of objection or exception to the giving or the refusing of an instruction shall be considered either on motion for new trial or appeal, unless same was presented to the Court upon the 'settlement' of such instruction." The rule also provides that in making such presentment "each counsel, or party, shall specify and state the particular ground or grounds upon which the giving or rejecting of any instruction is objected or excepted to."

■ ■ This rule clearly makes it the burden of the objecting party to fairly inform the trial judge of the grounds which he feels justify his position. That is, and should be, the purpose motivating our rules in all comparable situations. A trial judge is entitled to be advised of the grounds on which he is asked to rule. Unless this is done it cannot be said that the trial court passed on the ground of which review is being sought. If undisclosed grounds, including afterthoughts, can be reviewed on appeal, the virtue of preparation for trial would be compromised. Since no grounds were specified in the objections or exceptions on which these assignments are predicated, they present nothing for review.

■ As an escape from this rule appellant urges that since he made a motion for a directed verdict it was not necessary to object or except to the instructions to preserve the question of the correctness thereof on appeal. As supporting this conclusion he cites Peterson v. Great American Ins. Co., 74 S. D. 334, 52 N.W.2d 479. We think this generalization inaccurate. It is not a matter of preserving for review questions as to the correctness of the instructions. Rather it is a matter of reviewing questions raised by the motion for a directed verdict. As pointed out in the Peterson case the right to review these is not lost by failure to urge the same grounds a second time by objections and exceptions concerning instructions.

However, on review of the denial of a motion for a directed verdict the only questions presented are those specifically pointed out as grounds for the motion. Englebert v. Ryder, 77 S.D. 333, 91 N.W.2d 739. In other words, the review is limited to the scope of the motion. Federal Land Bank of Omaha v. Houck, 68 S.D. 449, 4 N.W.2d 213. The questions which appellant is now raising concerning the instructions were not included in his motion. Consequently they are not presented for review.

■ A further group of assignments is predicated on the insufficiency of the evidence. Under our present practice an application for a new trial is not necessary as a prerequisite to obtain appellate review of such matter. SDC 33.1607. However, absent such motion, insufficiency of the

evidence may not be reviewed unless it has been timely presented to the trial court by motion for a directed verdict, request for findings, or other apt motion, offer, objection or exception. SDC 33.0710. Even though an application for a new trail is made, the insufficiency of the evidence may not be reviewed, unless the particulars wherein it is claimed to be insufficient are stated therein. SDC 33.1606. We think the same particularity of statement is required before insufficiency of the evidence is reviewable under the procedures enumerated in SDC 33.0710. That was not done here. Consequently we may not review this claim.

The remaining assignments question rulings made by the trial court in matters which are committed to its discretion. We are unable to discern in these any abuse of that discretion. Accordingly we must hold that the trial court did not err in any of the matters reviewable by us on this record.

Affirmed.

All the Judges concur.