STATE of South Dakota, Plaintiff
and Appellee,

v.

Carroll Bradford HOLT, Defendant
and Appellant.

No. 13932.

Supreme Court of South Dakota.

Considered on Briefs March 23, 1983.

Decided May 18, 1983.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

William H. Coacher, Sturgis, for defendant and appellant.

FOSHEIM, Chief Justice.

Defendant Carroll Holt was charged with "Receiving Stolen Property (Felony) in that he did then and there receive, retain or dispose of property of another of more than the value of two hundred dollars ... in violation of SDCL 22–30A–7." [1] He appeals from his conviction. We affirm.

The first issue on appeal is whether the verdict found defendant guilty of the offense charged in the information. Instruction # 1 informed the jury of the elements of the crime charged but under the label "receiving stolen property" rather than grand theft. Defendant made no objection to that part of Instruction # 1. The trial court gave the jury four verdict forms from which to choose:

1. "We, the jury, find the Defendant, Carroll Bradford Holt, guilty of Receiving Stolen Property of a value of one hundred dollars or more but not exceeding two hundred dollars."

2. "We, the jury, find the Defendant, Carroll Bradford Holt, guilty of Re-

---

1. SDCL 22–30A–7 reads: Any person who receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained or disposed of with the intent to restore it to the owner, is guilty of theft.

SDCL 22–30A–17, in pertinent part, reads: Theft is grand theft, if:
(1) The value of the property stolen exceeds two hundred dollars[.]
. . . .
Theft in all other cases is petty theft.

ceiving Stolen Property of a value of less than one hundred dollars."

3. "We, the jury, find the Defendant, Carroll Bradford Holt, not guilty."

4. "We, the jury, find the Defendant, Carroll Bradford Holt, guilty of Receiving Stolen Property of a value exceeding two hundred dollars."

These verdicts were incorporated verbatim in Instruction # 16 which was submitted to defendant for his consideration before it was given to the jury. Defendant did not object to Instruction # 16.[2] In *State v. Shull*, 331 N.W.2d 284 (S.D.1983), we noted "Defendant did not object to the verdict forms. Failure to object to instructions makes them the law of the case." And when the jury returned verdict number 4 defendant again made no objection regarding the form of the verdict. *Melcher v. Boesch Motor Company*, 188 Neb. 522, 198 N.W.2d 57 (1972). We have consistently held that the trial court must be given an opportunity to correct any claimed error. *Lang v. Burns*, 77 S.D. 626, 97 N.W.2d 863 (1959); SDCL 23A–25–4; SDCL 15–6–51(b). Since defendant failed to raise this issue before the trial court, we cannot review it on appeal.

■ At the close of the State's case, defense counsel moved for a directed verdict on the ground that the State had not proved defendant received any item he is claimed to have received knowing that it had been stolen or believing that it had probably been stolen. This motion was denied. Defendant argues this was error because the knowledge element was not proved. Knowledge that the property was, or probably was, stolen is an essential element of the offense charged.

2. The only objection defendant made to the Court's proposed instructions was the following:

I would take exception to instruction number one, in that paragraph one of instruction one states that one of the elements of the offense is the pickup cab, including its doors. It's my contention that the doors were not pled in the information, that the defendant was not charged with having received or retained

In determining the sufficiency of evidence on appeal, the test is whether there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. In making this determination, this court must accept that evidence and the most favorable inferences that can be drawn therefrom in support of the verdict.

*State v. Cook*, 319 N.W.2d 809, 811 (S.D. 1982) (citations omitted).

■ The evidence reveals that a Mr. Fischer was convicted of stealing the pickup truck in Wyoming. He brought it to Rapid City and left it at defendant's place of business. The truck disappeared. Parts from the stolen pickup were supplied by defendant to rebuild another pickup. Among such parts, the cab had its serial number removed. When defendant and one Batchelder sold the rebuilt pickup, which contained the stolen parts, they employed an illegal titling procedure which failed to reflect their ownership in the vehicle. Admittedly, there is no direct evidence which establishes that the defendant knew the pickup had been stolen or that he believed it probably had been stolen. Such certainty is not required. "The State may prove all elements of a crime with circumstantial evidence." *State v. Wellner*, 318 N.W.2d 324, 332 (S.D.1982) (citations omitted). Proof of knowledge by circumstantial evidence is apparent.

We have considered the most favorable inferences which can be drawn from the evidence and conclude the guilty verdict is sufficiently supported.

The conviction is affirmed.

All the Justices concur.

or disposed of the doors of the particular vehicle, and when you look at a cab in that context it could constitute many items that are in the cab for which he has not been charged. I believe it was the intent of the State to charge the cab as a separate item, as with the fenders, the hood, the bumper and the grill. That's the context of my objection, Your Honor.

This objection was overruled.