STATE of South Dakota, Plaintiff and Appellee,

v.

Michael HUFTILE, Defendant and Appellant.

No. 14658.

Supreme Court of South Dakota.

Considered on Briefs Feb. 6, 1985.

Decided April 24, 1985.

Robert B. Vrooman, Asst. Atty. Gen., Pierre, S.D., for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, S.D., on brief.

Jana Miner, Public Defender for Pennington County Rapid City, S.D., for defendant and appellant.

FOSHEIM, Chief Justice.

Michael Huftile entered a plea of guilty to a charge of second degree rape. He appeals from this sentence imposed by the trial court.

"ADJUDGED, and the sentence is that you, Michael Huftile, upon your conviction for the offense of Second Degree Rape, be, and hereby are, *sentenced to confinement in the South Dakota State Penitentiary,* Sioux Falls, South Dakota, for a term of *fourteen (14) years commencing from June 16, 1984;* and it is further

ORDERED, that *seven (7) years of the above-said sentence be suspended* and that the *Defendant be placed on probation for a period of ten (10) years from the date of his sentencing* upon the following terms and conditions:

1. That the Defendant agree to and comply with all the rules and regulations of the SD Office of Correctional Services and that he obey all directions and orders of any probation officer or officers under whose supervision he may be placed during any portion of his probationary period;

2. That the Defendant avail himself to and attend all counseling services provided by the authorities of the South Dakota State Penitentiary;

3. That the Warden of the South Dakota State Penitentiary shall provide available counseling services to the Defendant during his incarceration at the South Dakota State Penitentiary;

4. That the Defendant shall pay costs of counseling incurred by the victims and their families as a result of his conduct;

5. That the victims and their families shall submit statements of counseling ex-

penditures to this Court on a yearly basis;

6. That the Defendant, upon his release from the South Dakota Penitentiary, shall forthwith seek and obtain gainful employment and remain gainfully employed to the best of his ability throughout the entire period of his probation..."

We reverse and remand for resentencing.

Appellant does not dispute the term of the sentence, but rather asks that the sentence be reversed and remanded to remove the condition that combines probation with a prison term and a suspension. Huftile argues he is in effect serving 2 sentences for one conviction because on June 26, he simultaneously began a seven year penitentiary term and a ten year probationary term. He contends that if he is paroled before the seven years expire, he will be on both parole and probation. Appellant contends that simultaneous incarceration and probation exceeds the sentencing authority of the trial court.

█ The State counters that Huftile has not preserved this issue for appeal because his objection to the sentence went only to its length and not its propriety. *State v. Holt,* 334 N.W.2d 47 (S.D.1983); *Compare,* SDCL 23A–25–4; SDCL 15–6–51(b). *Lang v. Burns,* 77 S.D. 626, 97 N.W.2d 863 (1959). We have repeatedly held that the trial court must be given an opportunity to correct any claimed error, and if the objection did not allow that correction we will not review the claimed error on appeal. *State v. Holter,* 340 N.W.2d 691 (S.D.1983).

█ The defendant frames his argument as an abuse of the trial court's discretion in sentencing. It appears, however, that the defendant is essentially and in effect attacking the legality of the sentence imposed because it exceeds the authority and jurisdiction of the court. In *State v. Huth,* 334 N.W.2d 485 (S.D.1983), we noted that if a sentence is void, the failure to specifically object does not prevent review. We will review a sentence on appeal to determine if it exceeds the jurisdiction of the trial court.

*Compare, Darnall v. State,* 79 S.D. 59, 108 N.W.2d 201 (1961) regardless of whether the claims of the defendant were properly presented by timely objection. It is the rule in this state that jurisdiction must affirmatively appear from the record and this court is required *sua sponte* to take note of jurisdictional deficiencies, whether presented by the parties or not. *Long v. Knight Const. Co.,* 262 N.W.2d 207 (S.D. 1978); *Estate of Putnam,* 254 N.W.2d 460 (S.D.1977); *Shryock v. Mitchell Concrete Products,* 87 S.D. 566, 212 N.W.2d 498 (1973).

Article XIV, sections 1 and 2 of the South Dakota Constitution provide that the Board of Charities and Corrections shall control the penal institutions of the state under such rules and restrictions as the Legislature shall provide. SDCL 24–13–3 structures a Board of Pardons and Paroles (Board) to be administered under the direction and supervision of the Board of Charities and Corrections.

SDCL ch. 24–15 sets forth a comprehensive procedure for the Board to grant paroles from the penitentiary, and the Board may parole a penitentiary inmate. SDCL 24–15–8. SDCL 24–15–11 authorizes it to place reasonable restrictions upon a parolee which are designed to continue his rehabilitation. Parolees, even though released, are considered confined in the legal custody of the warden of the penitentiary, SDCL 24–15–13. *All* paroled prisoners are under the supervision of the Board of Charities and Corrections. SDCL 24–15–14. This expressly includes persons on parole *under a suspended sentence. Id.* SDCL ch. 24–15 also provides a procedure for the arrest of the parolee and revocation of parole by the Board.

█ Article V, section 5 of the South Dakota Constitution provides that imposition or execution of a sentence may be suspended by the court empowered to impose the sentence *unless otherwise provided by law.*[1] The authority to suspend im-

1. SDCL 23A–27–18 provides that upon the first    conviction of a felony in this state, the court

position or execution of sentences springs solely from that constitutional provision and not from any inherent power. *State v. Griffee*, 331 N.W.2d 576 (S.D.1983); *State v. Marshall*, 247 N.W.2d 484 (S.D.1976). In *State ex rel. Conway v. Hughes*, 62 S.D. 579, 255 N.W. 800 (1934), we said:

> We are therefore of the opinion that the power of suspension conferred upon trial courts by chapter 126, Laws 1931, may lawfully be exercised by such courts in any criminal case within the purview of such statute at any time prior to complete loss of jurisdiction over the cause either by removal of the cause to a higher court by appeal or by the expiration of time for appeal from the judgment.

255 N.W.2d at 803. In 1945, eleven years after *Hughes*, SDCL 23A–27–19 was enacted which provides:

> A court which has the power to suspend sentence under § 23A–27–18 shall have and retain jurisdiction for the purpose of suspending any such sentence for a period of one year from the effective date of the judgment of conviction, notwithstanding the fact that the time for an appeal from such judgment is limited to a shorter period of time. *A person whose sentence is suspended pursuant to this section is under the supervision of the board of charities and corrections,* except as provided in § 23A–27–18.2. The board is charged with the responsibility for enforcing the conditions imposed by the sentencing judge. (Emphasis supplied.)

It is noteworthy that SDCL 23A–27–19, like SDCL 24–15–14, places persons paroled by a suspended sentence under the supervision of the Board of Charities and Corrections.

■ It is clear by these statutes and *Hughes, supra,* that the sentencing court has the power to suspend a sentence at the time the sentence is imposed and for a period at any time thereafter prior to complete loss of jurisdiction over the cause or

for one year from the effective date of the judgment of conviction. *State v. Means,* 268 N.W.2d 802 (S.D.1978). In *State v. Adams,* 360 N.W.2d 519 (S.D.1985), and *In Re Adams,* 360 N.W.2d 513 (S.D.1985), we confirmed our previous holding in *Holter* that SDCL 23A–27–19 is simply an additional grant of power to suspend a sentence after it has been imposed.

■ A penitentiary inmate is accordingly eligible for release either by the Board of Charities and Corrections, SDCL 24–15–8, or a suspended sentence from the trial court. Via either route, the inmate becomes a parolee under the supervision of the Board of Charities and Corrections. *See,* SDCL 24–15–14; SDCL 23A–27–19. Under SDCL 24–15–24 only the Board of Pardons and Paroles may "revoke the parole and reinstate the terms of the original sentence and conviction." Uncertainty, if not chaos will result if a parolee is required to satisfy two supervisors; the sentencing court and the Board of Charities and Corrections, each with a different set of restrictions and conditions. It is equally unacceptable to require the defendant to be simultaneously on probation and incarcerated. Those committed to the penitentiary would thus see confusion where they should be exposed to order and certainty. When incarcerated, the inmate is under the exclusive control and custody of the penitentiary. When on probation, he is under the control of the trial court in a manner designed to avoid incarceration.

■ Probation and incarceration are therefore mutually exclusive. *See, State v. Marshall,* 247 N.W.2d 484 (S.D.1976). Trial judges are to be commended when they undertake to frame a sentence designed to best meet the needs of the defendant, society and the victim. However, no matter how well intended, a sentence cannot exceed statutory boundaries. *State v. Griffee,* 331 N.W.2d 576 (S.D.1983).

having jurisdiction to try the offense may suspend the execution of sentence subject to such conditions as the court may impose.

■ SDCL 1–15–1 establishes the Board of Charities and Corrections as an arm of the executive branch of government. Just as clearly, the trial court's function in suspending sentence and granting terms of probation are exclusively the province of the judicial branch. The constitutional power to suspend necessarily includes the power to revoke that suspension, *unless otherwise provided by law*, Article V, section 5. In this case, it is expressly provided by statute that the Board of Charities and Corrections has been granted the power to revoke when the inmate has been paroled by virtue of a suspended sentence. SDCL ch. 24–15; SDCL 23A–27–19. We conclude, therefore, that once the court has committed a defendant to the executive branch of government, namely the penitentiary, that inmate then can be released only by and, under the supervision of the Board of Charities and Corrections, even though the release results from an order of suspension.

There is an exception to this rationale. SDCL 23A–27–18.1 provides:

> The conditions of probation imposed pursuant to § 23A–27–12 or § 23A–27–13 or the conditions of suspension of execution imposed pursuant to § 23A–27–18, may include the requirement that the defendant be imprisoned in the county jail for a specific period not exceeding one hundred eighty days or in the state penitentiary for a specific period not exceeding sixty days or the sentence which was imposed or which may be imposed by law, whichever is less. Any such imprisonment, either in the county jail or state penitentiary, shall be credited toward any incarceration imposed upon any subsequent revocation of a suspended imposition or execution of sentence. *During any such imprisonment the defendant shall be subject to all policies, rules and regulations of the county jail or state penitentiary.* (Emphasis in original.)

■ Therefore, a condition of a suspended sentence may require that the defendant be imprisoned in the state penitentiary for a period not exceeding sixty days, during which time he shall be subject to all the policies, rules and regulations of the penitentiary. *Id.* Unlike SDCL 23A–27–19, SDCL 23A–27–18.1 carries no provision for Board of Charities supervision following that confinement. As we noted in *Application of Adams, supra,* a short penitentiary confinement is obviously a part of the courts' probation therapy to have the first offender get a "taste" of what incarceration and a life of crime involves.

■ It is not the function of this court to direct what the sentence should be. That is the province of the trial court. The case is accordingly reversed and remanded with direction to fashion a sentence consistent with this decision.

MORGAN and HENDERSON, JJ., concur.

WOLLMAN, J., and WUEST, Circuit Judge, Acting as a Supreme Court Justice, concur in result.

WUEST, Acting Justice (concurring in result).

I concur in the result of the majority opinion for most of the reasons expressed, but more particularly, because incarceration and probation are mutually exclusive.

So there will be no misunderstanding on the part of trial judges, I still adhere to my conclusions in *State v. Adams,* 360 N.W.2d 519 (S.D.1985); although it may be that the legislature overruled it and *State v. Holter,* 340 N.W.2d 691 (S.D.1983), and *Application of Adams On Behalf of Schmit,* 360 N.W.2d 513 (S.D.1985). *See* Senate Bill 236 amending SDCL 23A–27–19, effective July 1, 1985.

I am authorized to state that WOLLMAN, J., joins in this concurrence in result.