1999 SD 149

Jeffrey L. GRAJCZYK, Appellee,

v.

**SOUTH DAKOTA BOARD OF
PARDONS AND PAROLES,**
Appellant.

No. 20794.

Supreme Court of South Dakota.

Considered on Briefs on Oct. 18, 1999.

Decided Nov. 23, 1999.

Nichole Carper, Minnehaha County Public Defender's Office, Sioux Falls, South Dakota, for appellee.

Mark Barnett, Attorney General, Frank Geaghan, Assistant Attorney General, Pierre, South Dakota, for appellant.

GILBERTSON, J.

[¶ 1.] State appeals the circuit court's reversal of the Board of Pardons and Paroles' (Board) revocation of Jeffrey L. Grajczyk's (Grajczyk) suspended sentence. We reverse and remand with instructions to affirm the decision of the Board.

## FACTS AND PROCEDURE

[¶ 2.] On June 28, 1994, Grajczyk pled guilty to a charge of aggravated assault in Brown County. He was sentenced to serve fifteen years in the state penitentiary. Eight years of Grajczyk's sentence were suspended on the following conditions:

A. That [Grajczyk] make restitution for all medical expenses of the victim and reimburse Brown County for court-appointed attorney's fees under the supervision of his parole officer; and,

B. That [Grajczyk] promptly pay $26.50 in court costs and all other costs of his prosecution, including witness, expert and laboratory fees, for the Aggravated Assault case and all other cases that may have been disposed of pursuant to plea bargain.

[¶ 3.] Grajczyk began serving his sentence in the penitentiary on July 13, 1994. On April 28, 1997, Grajczyk was arraigned in circuit court of Minnehaha County, on a charge of possession of an unauthorized article (marijuana) by an inmate.[1] Grajczyk reached a plea agreement with the State whereby he agreed to plead guilty to possession of marijuana by an inmate with the understanding the State would seek to have the suspended portion of his aggravated assault sentence imposed by the Board. On September 18, 1997, Grajczyk entered his guilty plea and was sentenced to serve three to twenty-four months in the state penitentiary, consecutive to the aggravated assault sentence he was serving at the time of this offense.

[¶ 4.] A violation report was filed with the Board on October 14, 1997, alleging the conduct which gave rise to the guilty plea for possession of the marijuana also constituted a violation of the terms of the suspended sentence portion of the aggravated assault sentence from Brown County. A suspended sentence revocation hearing was conducted before the Board on October 24, 1997. The Board entered an, "ORDER REVOKING SUSPENDED SENTENCE" providing that:

The suspended sentence of Jeffrey L. Grajczyk is hereby revoked with the loss

---

1. Penitentiary officials learned Grajczyk was hiding marijuana placed in a balloon in his anal cavity, a practice referred to as "keistering." Grajczyk was taken to a hospital where before a body cavity search was conducted, he expelled the balloon. While Grajczyk was attempting to swallow the balloon, guards subdued him and recovered the marijuana. Considerable force was required from the guards to subdue Grajczyk and preserve the evidence.

of NO TIME spent on suspended sentence.

It is further

ORDERED that his original fifteen (15) year sentence be imposed. He may not apply for parole consideration for eight months from the date of this order or until his parole eligibility date is computed on his original sentence, whichever is later.

Grajczyk appealed the Board's order to the circuit court of Minnehaha County. The parties entered into a stipulation of facts, briefs were submitted and oral argument was conducted. The circuit court entered its findings of fact and conclusions of law on October 20, 1998. The circuit court determined the Board had no authority to revoke Grajczyk's suspended sentence prior to commencement of the suspended portion of the sentence. Grajczyk also argued to the circuit court he did not violate the conditions of his suspended sentence, because nonpossession of an unauthorized article by an inmate was not part of the conditions for the suspended sentence. The circuit court did not reach this issue based upon its finding that the Board did not have jurisdiction to revoke Grajczyk's suspended sentence. The State asks us to address this issue. We conclude in this instance it is appropriate to do so.[2]

[¶ 5.] State appeals, raising the following issues for our consideration:

1. Prior to the commencement of the suspended sentence, did the Board have authority to revoke the suspended portion of Grajczyk's sentence.

2. Whether Grajczyk violated the conditions of his suspended sentence.

**2.** State argues were this Court to reverse the lower court's ruling, the State's argument that the Board's revocation of his suspended sentence did not violate Grajczyk's right to due process of law, would be repeated to the trial court on remand. Given the likelihood the issue would resurface on remand, the State asks this Court to address the merits of its argument. As indicated by this Court in

## ANALYSIS AND DECISION

**[¶ 6.] 1. Prior to the commencement of the suspended sentence, did the Board have authority to revoke the suspended portion of Grajczyk's sentence.**

[¶ 7.] State argues the circuit court erred in determining the Board had no authority to revoke Grajczyk's suspended sentence based on a felony committed while he was an inmate in the state penitentiary, still serving the seven-year portion of the sentence not suspended by the circuit judge in Brown County. We agree with the State. SDCL 23A–27–19 provides, in pertinent part:

Any person whose sentence is suspended pursuant to this section is under the supervision of the board of pardons and paroles, except as provided in 23A–27–18.2. The board is charged with the responsibility for enforcing the conditions imposed by the sentencing judge and the board retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of the suspension.

Although Grajczyk argues revocation of the suspended portion of his sentence can only be ordered by the sentencing judge, this contention must fail. Prior to 1985, a circuit court retained the authority to revoke a suspended sentence even before it began to run. *Application of Adams on Behalf of Schmit*, 360 N.W.2d 513, 516 (S.D.1985) (citing *State v. Holter*, 340 N.W.2d 691, 693 (S.D.1983)). However, after our holding in *State v. Huftile*, 367 N.W.2d 193, 197 (S.D.1985), we held that

*Wolff v. Secretary of Game, Fish, and Parks Department*, 1996 SD 23, ¶ 32, 544 N.W.2d 531, 537, (1996) "[i]t is only appropriate, for reasons of judicial economy, to address issues on appeal that would be capable of repetition on remand." *See also Department of Social Services v. McCarty*, 506 N.W.2d 144, 147 (S.D.1993).

circuit courts had no jurisdiction to revoke a suspended sentence.

> We conclude, therefore, that once the court has committed a defendant to the executive branch of government, namely the penitentiary, that inmate then can be released only by and, under the supervision of the Board of Charities and Corrections, even though the release results from an order of suspension.

*Id.* Authority is vested solely in the Board to revoke a suspended sentence. *Smith v. Board of Pardons and Paroles,* 515 N.W.2d 219, 222 (S.D.1994). "Thus, under current law, if a suspended sentence is to be revoked before the suspended portion begins to run, the revocation must be conducted by the Board of Pardons and Paroles." *Id.*

[¶ 8.] Grajczyk stresses the fact he is still serving the seven years imposed by the original sentence, and thus, has not been paroled or discharged. He argues the "trigger" action of parole or release through discharge from the penitentiary has not yet occurred. Grajczyk's claims all of the case law considering this issue involves the Board imposing an inmate's suspended sentence where the inmate had been released on parole or had violated the terms of the parole agreement. *See Smith,* 515 N.W.2d at 221; *Turo v. Solem,* 427 N.W.2d 843 (S.D.1988); *State v. Oban,* 372 N.W.2d 125 (S.D.1985); *Huftile,* 367 N.W.2d at 196 ("persons paroled by a suspended sentence are under the supervision of the Board of Charities and Corrections."). However, Grajczyk overlooks *Holter,* which involved a revocation of a suspended sentence while the defendant was still an inmate in the state penitentiary. *See Holter,* 340 N.W.2d at 691. Grajczyk argues our holding in *Holter* is questionable given the case was decided before the Court began its review of this issue in *Huftile.* However, we find *Holter* to be good law. In *Smith,* this Court indicated "[t]hese cases [*Holter, Application of Adams* ] continue to provide the most analogous authority for the specific

issue in this appeal; i.e., the propriety of the revocation of a suspended sentence *prior to the commencement of the suspended portion." Smith,* 515 N.W.2d at 222–23 n. 4.

■ [¶ 9.] If anything, the statute authorizing the Board to revoke a suspended sentence is broader than the one under consideration in *Holter.* "Thus, like the statute permitting revocation in *Holter,* SDCL 23A–27–19 *does not prohibit* the Board of Pardons and Paroles from revoking a suspended sentence before the suspended portion has begun. *There is simply no time limitation whatsoever in the provision." Id.* at 222. (emphasis added). To require the Board to wait to act until an inmate is paroled or discharged is illogical. Grajczyk fails to point to any statutory provision that limits the Board's statutory power to revoke the suspended portion of a defendant's sentence to only those instances where the defendant has been paroled or released from prison. The strong public policy this Court enunciated in *Holter* still applies to the Board's rationale in revoking Grajczyk's suspended sentence in this case:

> [I]f a person convicted of a crime and granted a period of probation or suspension as part of the sentence should commit offenses of such nature as to demonstrate to the court that he is unworthy of the suspension, the court has the power to revoke or change the suspension, both during the time of the suspended sentence and before the suspended portion begins.

*Holter,* 340 N.W.2d at 693.

[¶ 10.] Based upon the above analysis, we hold the circuit court erred in determining the Board had no authority to revoke Grajczyk's suspended sentence prior to the commencement of the suspended sentence.

[¶ 11.] **2. Whether Grajczyk violated the conditions of his suspended sentence.**

■ [¶ 12.] State claims the Board properly revoked the suspended portion of

Grajczyk's sentence after he pled guilty to the possession of marijuana while an inmate in the penitentiary. In response, Grajczyk argues the revocation of his suspended sentence for his possession of marijuana while an inmate violated his right to due process of law. He claims he should have been given prior notification that this type of conduct within the penitentiary could place his suspended sentence in jeopardy. We disagree.

[¶ 13.] As this Court noted in *Smith*, it is an essential component of due process that individuals be given fair warning of those acts which may lead to a loss of liberty.

> As a general matter, formal conditions of probation serve the purpose of giving notice of proscribed activities. But a formal condition is not essential for purposes of notice. Courts have sustained the revocation of probation for criminal activity committed prior to the effective date of the conditions, or where the defendant was not aware of the conditions. In such a case, *knowledge of the criminal law is imputed to the probationer, as is an understanding that violation of the law will lead to the revocation of probation.* On the other hand, where the proscribed acts are not criminal, due process mandates that the petitioner cannot be subjected to a forfeiture of his liberty for those acts unless he is given prior fair warning.

*Smith*, 515 N.W.2d at 223 (quoting *United States v. Dane*, 570 F.2d 840, 843–44 (9th Cir.1977) (emphasis added). The defendant's suspended sentence in *Smith* was revoked because he consumed alcoholic beverages, a noncriminal activity. We stated:

> Here, there is no allegation that Smith's act, i.e., the consumption of alcohol, constituted criminal activity. Thus, unless Smith received prior fair warning that that act could lead to revocation of his suspended sentence, the Board of Pardons and Paroles' decision to revoke violated the requirements of due process.

*Id.* In this case, however, Grajczyk was charged and pled guilty to possession of marijuana within the penitentiary, which is a Class 6 felony. Grajczyk's argument that the Board cannot impose the suspended sentence because the specific offense entitled "Possession of an Unauthorized Article by an Inmate" was not included in the specific conditions of his suspended sentence, is wholly without merit. A fundamental requirement of any suspended sentence or probation, whether expressly stated by the sentencing court or not, is that the defendant shall not violate the law. *Holter*, 340 N.W.2d at 693. "[A] condition of a suspended sentence that a person may not commit a felony, is so basic and fundamental that any reasonable person would be aware of such condition." *Brooks v. State*, 484 P.2d 1333, 1334 (Okla. Crim.App.1971); *Dill v. Page*, 496 P.2d 127, 128 (Okla.Crim.App.1972). We are of the opinion Grajczyk, simply by being an inmate at the state penitentiary, should have been on notice he could not commit any criminal activity, suspended sentence or not.

> [A]n obligation not to commit a criminal violation is so inherently and patently a requirement of our citizens that it attaches to any grant of probation and that probationers, whether they be present or future, are put on notice, as a matter of law, that further criminal acts may result in revocation.

*State v. Stone*, 880 S.W.2d 746, 749 (Tenn. Crim.App.1994). We agree with the court's statement in *Vogel v. State*, 543 So.2d 200, 201 (Ala.Crim.App.1989):

> [W]here ... Defendant commits a felony while under a probationary sentence, although prior to the effective date of the probationary portion of the sentence, and its terms and conditions are not yet expressly prescribed, the sentencing court is nevertheless authorized to revoke Defendant's probation for violation of a condition implicit in every suspended or probationary sentence: that De-

fendant, while under such sentence, will not commit another criminal offense.

*Id.* (quoting *Wilcox v. State,* 395 So.2d 1054, 1056 (Ala.1981)).

[¶ 14.] The uncontested facts of this case make this lack of notice argument border on the ludicrous. Not only is it a crime to possess marijuana in the penitentiary, it is a crime to possess it anywhere in this state. Keeping the marijuana in a balloon in his anal cavity obviously shows an intent to hide the illegal substance from the attention of prison officials. When forced by officials to expel the balloon from that cavity of his body, the act of then shoving it in his mouth and attempting to swallow it shows his desperation to keep its contents from the prison officials. Such are not the acts of a person unaware of the criminal nature of his conduct.

[¶ 15.] Furthermore, Grajczyk as part of his plea agreement, had been put on notice by the State it was possible the suspended portion of his sentence might be imposed. In State's September 12, 1997 letter to Grajczyk's defense counsel, confirming Grajczyk's plea to the possession, State wrote:

> Currently Mr. Grajczyk is serving a sentence for aggravated assault. Eight years of that sentence was suspended at the time he was sentenced to the penitentiary. Mr. Grajczyk understands the State reserves the right to request that the eight years suspended as part of that sentence be imposed. This understanding, however, does not mean that Mr. Grajczyk will waive his right to present opposition to the State's request.

[¶ 16.] We find the Board properly revoked the suspended portion of Grajczyk's aggravated assault sentence after he pled guilty to possession of marijuana while an inmate at the state penitentiary.

[¶ 17.] Reversed and remanded with instruction to affirm the decision of the Board.

[¶ 18.] MILLER, Chief Justice, and SABERS, AMUNDSON and KONENKAMP, Justices, concur.

