#23853-a-JKK

**2006 SD 46**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JASON D. KRUKOW,                                   Petitioner and Appellant,

    v.

SOUTH DAKOTA BOARD
OF PARDONS AND PAROLES,                    Respondent and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE KATHLEEN K. CALDWELL
Judge

* * * *

STEVEN R. BINGER of
Binger Law Office                                   Attorney for petitioner
Sioux Falls, South Dakota                       and appellant.

LAWRENCE E. LONG
Attorney General

JOHN M. STROHMAN
Assistant Attorney General                     Attorneys for respondent
Pierre, South Dakota                             and appellee.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 24, 2006

OPINION FILED **05/17/06**

#23853

KONENKAMP, Justice

[¶1.]     For his conviction on grand theft, petitioner was sentenced to ten years in the penitentiary, with nine years and six months suspended on the condition of good behavior.  More than five years after he was released on his suspended sentence, petitioner breached the terms of his release.  His suspended sentence was revoked by the Board of Pardons and Paroles.  The Board also denied him credit for the time he spent on release, imposing the entire suspended sentence.  Petitioner claims that the Board had no jurisdiction to suspend his sentence and was not empowered to deny him credit for the time spent while he was released under supervision.  We conclude that the Board had both the jurisdiction and the power to act as it did.

## Background

[¶2.]     Petitioner, Jason D. Krukow, pleaded guilty to grand theft in October 1998.  He was sentenced on November 10, 1998, to ten years in prison, with all but six months suspended.  His sentence was to run concurrently with a penitentiary sentence he was currently serving in Minnesota.  Upon commencement of his suspended sentence, the court required Krukow to "execute and deliver to the South Dakota Board of Pardons and Paroles . . . such Suspended Sentence Agreement, Parole Agreement, or other Supervision Agreement, as the Board may deem necessary, appropriate, or advisable for [his] supervision . . . and which agreements may thereafter be modified as the Board may determine necessary, appropriate, or advisable."

[¶3.] According to Krukow's prison records, on March 8, 1999, he was released on parole. On May 10, 1999, he was released under his suspended sentence. By the terms of his supervision agreement, the Board was empowered to supervise him under SDCL 23A-27-19. In the event he violated his agreement, the Board could revoke the suspended portion of his sentence. The agreement also provided that he "may not be given credit for time spent on the suspended sentence."

[¶4.] On August 10, 2004, Krukow was charged in Minnesota with two felony counts of receiving stolen property. The next day his urinalysis proved positive and he admitted to having used marijuana and methamphetamine. Accordingly, the South Dakota authorities were notified. South Dakota Parole Services issued a violation report, and Krukow was returned to South Dakota.

[¶5.] In its notice of hearing, the Board alleged that Krukow violated his agreement to "obey all Municipal, County, State and Federal Laws" and "not purchase, possess or use marijuana, hallucinatory drugs, narcotics, controlled substances, mood altering drug/chemicals or drug paraphernalia." At the Board hearing, Krukow, who was represented by counsel, entered pleas of "no contest" to the allegations. The Board concluded that he violated the terms of his supervision agreement and revoked the suspended portion of his ten-year sentence. The Board further denied Krukow credit for his time while on release on his suspended sentence.

[¶6.] Krukow appealed the Board's decision to the circuit court on the grounds that the Board had no jurisdiction to revoke his suspended sentence and no

power to deny him credit for his "street time." The circuit court affirmed the Board's decision in all respects. On appeal to this Court, Krukow advances the same argument.

## Analysis and Decision

[¶7.] Although our standard of review under SDCL 1-26-37 remains deferential to factual findings, Krukow is challenging the Board's legal authority; therefore, our review in this case is de novo. Wendell v. S.D. Dept. of Transp., 1998 SD 130, ¶5, 587 NW2d 595, 597; *see also* Boehrns v. S.D. Bd. of Pardons & Paroles, 2005 SD 49, ¶5, 697 NW2d 11, 12-13.

### 1. Jurisdiction

[¶8.] Krukow does not dispute that he violated the conditions of his supervision agreement. Instead, he contends that he was not under the Board's jurisdiction at the time the violations occurred. According to Krukow, his November 1998 judgment does not explicitly state how long he was to remain on supervised release, and thus the Board did not have the power to revoke his suspended sentence nearly six years after he was sentenced. The Board, on the other hand, claims that a plain reading of Krukow's sentence demonstrates that the sentencing court "expected the suspended sentence to last nine years and six months."

[¶9.] At his revocation hearing, Krukow did not challenge the Board's jurisdiction to impose the remainder of his suspended sentence. However, we will consider the issue because questions of jurisdiction can be raised and considered at any time. Wells v. Wells, 2005 SD 67, ¶11, 698 NW2d 504, 507 (citing Reaser v. Reaser, 2004 SD 116, ¶27, 688 NW2d 429, 437 (citations omitted)). While Krukow

is correct that the trial court's sentence does not explicitly state the time Krukow will be subject to the Board's supervision, he cites no authority for the conclusion that absent such a provision the Board has no jurisdiction. Nevertheless, he insists that this Court cannot assume that the sentencing court meant to place Krukow on supervision for the entire time of his suspended sentence.

[¶10.] Once a defendant is released on a suspended sentence, the Board has the "responsibility for enforcing the conditions imposed by the sentencing judge, and the [B]oard retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of suspension." SDCL 23A-27-19. Krukow was sentenced to ten years. Then, on the condition that he adhere to certain terms, the court suspended the execution of nine years and six months of his sentence. While the court could have stated in its sentence that Krukow was to remain under the Board's supervision for less than the suspended nine years and six months, the court was not required to do so. *See* State v. Macy, 403 NW2d 743, 744-46 (SD 1987). Unless otherwise provided, the length of supervision and the suspended sentence were coterminous. Despite the fact that Krukow had been on supervised release for over five years, he was still under the supervision of the Board at the time he violated the conditions of his suspended sentence. Therefore, the Board had jurisdiction to revoke the suspended portion of his sentence.

### 2. Denial of Credit for Time on Supervised Release

[¶11.] At the hearing where the Board revoked Krukow's suspended sentence, it also decided to deny him credit for the entire time he was on supervised release. Krukow claims, first, that the Board was not vested with the power to deny him

#23853

credit for his "street time" and, second, that if the statute is construed to give the Board such power, then denying him credit for this time violated his right against double jeopardy.

[¶12.] Resolution of this issue depends on our interpretation of the statutes governing revocation of parole and suspended sentences.

> The primary purpose of statutory construction is to determine the intent of the law. *See* Moss v. Guttormson, 1996 SD 76, ¶10, 551 NW2d 14, 17. "[S]tatutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject." *See id.* (quoting U.S. West Communications, Inc. v. Public Utilities Comm'n., 505 NW2d 115, 122-23 (SD 1993)). "But, in construing statutes together it is presumed that the legislature did not intend an absurd or unreasonable result." *Id.*

State v. Barton, 2001 SD 52, ¶8, 625 NW2d 275, 278; *see also* Brim v. S.D. Bd. of Pardons & Paroles, 1997 SD 48, ¶4, 563 NW2d 812, 813. From the language of the statutes, Krukow argues that when the Board revoked his suspended sentence under SDCL 23A-27-19, it did not have the power under SDCL 24-15A-28 to deny him credit for time spent on release. That statute provides:

> If the board is satisfied that any provision of § 24-15A-27 has been violated, it may revoke the parole and reinstate the terms of the original sentence and conviction or it may modify conditions of parole and restore parole status. *In addition, the board may order the denial of credit for time served on parole.* If the board does not find that the provisions of § 24-15A-27 have been violated, the board may restore the parolee to the original or modified terms and conditions of the parolee's parole.

SDCL 24-15A-28 (emphasis added).

[¶13.] By the plain language of this statute, it only governs denial of credit for time served on parole, not time served on a suspended sentence. Krukow argues that only SDCL ch. 23A-27 vests the Board with certain powers over those released

-5-

under a suspended sentence. He claims that nothing in SDCL ch. 23A-27 can be interpreted to grant the Board the power to deny him credit for his release time. Because the Board's jurisdiction over Krukow exists only in SDCL 23A-27-19, he contends that the word "parole" in SDCL 24-15A-28 cannot be interpreted to include persons released under a suspended sentence.[1]

[¶14.] In its appellate brief, the Board dedicates most of its argument to this Court's past cases, where we discussed the relationship between a suspended sentence and parole. *See* Turo v. Solem, 427 NW2d 843 (SD 1988); State v. Oban, 372 NW2d 125 (SD 1985); State v. Huftile, 367 NW2d 193 (SD 1985). In those cases, we concluded that "[s]uspended sentences and paroles are alike in practice" because "[b]oth involve the release of an offender from the penitentiary prior to expiration of the full term of the offender's sentence." *Turo*, 427 NW2d at 845-46 (citing *Oban*, 372 NW2d at 127-28); *see also Huftile*, 367 NW2d at 195-96. Like persons released on parole, those who leave the penitentiary under a suspended sentence, are "under the supervision of the executive branch of government." *Turo*, 427 NW2d at 845 (citing *Oban*, 372 NW2d at 130); *see also* Grajczyk v. S.D. Bd. of Pardons & Paroles, 1999 SD 149, ¶7, 603 NW2d 508, 510.

---

1.    SDCL 23A-27-19 states, in relevant part, that

> [a]ny person whose sentence is suspended pursuant to this section is under the supervision of the Board of Pardons and Paroles. . . . The [B]oard is charged with the responsibility for enforcing the conditions imposed by the sentencing judge, and the [B]oard retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of the suspension.

[¶15.]     Contrary to the Board's argument, the cases it cites interpret statutes no longer in effect.  After July 1, 1996, the Legislature enacted SDCL ch. 24-15A, which replaced the majority of the statutes in SDCL ch. 24-15.  Language declaring similarities between a suspended sentence and parole derived from this Court's interpretation of SDCL 24-15-14 in conjunction with SDCL 23A-27-19.  *Huftile*, 367 NW2d at 195-96.  The support for the comparison was that SDCL 24-15-14, like SDCL 23A-27-19, placed persons released under a suspended sentence under the supervision of the Board.  *Id.*  The cases that followed *Huftile* similarly held that the Board's power over those released on a suspended sentence stemmed both from SDCL ch. 24-15 and SDCL 23A-27-19.  *See Turo*, 427 NW2d at 845; *Oban*, 372 NW2d at 127-28.

[¶16.]     Because Krukow was sentenced after July 1, 1996, SDCL ch. 24-15 does not apply to him, and our earlier cases are inapplicable here.  *See* SDCL 24-15A-1.  Nonetheless, based on the entirety of the statutes governing release on parole and suspended sentence, we conclude that the Board has discretion to deny credit for time spent on release to persons who violate their supervision conditions during the term of their suspended sentences.  First, under SDCL 23A-27-19, the Board is "charged with the responsibility for enforcing the conditions imposed by the sentencing judge, and the [B]oard retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of the suspension."  Second, under

SDCL 24-15A-8, the Board is empowered to grant persons serving a suspended sentence an early release from supervision.[2]

[¶17.] By including those released under a suspended sentence within the purview of SDCL 24-15A-8, found in the chapter governing adult parole, we conclude that the Legislature intended to grant the Board discretion in deciding who receives credit for time spent on release. The power to grant early release includes the power to deny such release. To read these statutes as Krukow would have us do could result in allowing those released on a suspended sentence to evade supervision and defy their release terms, and yet still receive credit for time served while they were in violation of their conditions. We do not believe that the Legislature intended such an interpretation of its enactments. *See* Moeller v. Weber, 2004 SD 110, ¶46, 689 NW2d 1, 16.

[¶18.] Krukow next claims that if this Court interprets our statutes to allow the Board to deny him credit for his time while free on his suspended sentence, then applying that statutory interpretation to him would violate his double jeopardy rights. Specifically, he contends that because this statutory interpretation did not exist before, applying the decision to him violates his legitimate expectation that the laws meant what they said when he was sentenced. Because the laws governing sentences applicable to Krukow came into effect in 1996, and he was not sentenced until 1998, his argument is without merit.

---

2. SDCL 24-15A-8, states, in part, that the Board has the power to "grant an early final discharge from supervision for a parolee or *person serving a suspended sentence under supervision of the [B]oard* if the [B]oard is satisfied

(continued . . .)

#23853

[¶19.]     Affirmed.

[¶20.]     GILBERTSON, Chief Justice, and SABERS, ZINTER, and

MEIERHENRY, Justices, concur.

---

(. . . continued)
     that an early final discharge would be in the best interests of society and the
     inmate." (Emphasis added).