#24836-a-JKK

**2008 SD 123**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

THOMAS M. AMIOTTE,                                                  Appellant,

   v.

SOUTH DAKOTA BOARD OF
PARDONS AND PAROLES,                                              Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE PETER H. LIEBERMAN
Judge

* * * *

NICHOLE CARPER
Sioux Falls, South Dakota                          Attorney for appellant.

LAWRENCE E. LONG
Attorney General

MAX A. GORS
Assistant Attorney General
Department of Corrections
Pierre, South Dakota                               Attorneys for appellee.

* * * *

CONSIDERED ON BRIEFS
NOVEMBER 3, 2008

OPINION FILED **12/17/08**

KONENKAMP, Justice

[¶1.]        An inmate convicted of aggravated assault was classified by the Department of Corrections as an unconvicted sex offender.  The classification required him to participate in a sex-offender treatment program.  He refused.  For his failure to participate, he was denied parole on his presumptive parole date.  The inmate challenged the basis for the classification with the Board of Pardons and Paroles.  The Board ruled that it did not have jurisdiction to review the inmate's classification.  An appeal to the circuit court was affirmed for same reason.  We also affirm.

## Background

[¶2.]        On June 19, 2003, Thomas Amiotte was indicted on a charge of second degree rape.  Following plea negotiations, Amiotte agreed to plead guilty to aggravated assault, and the rape charge was dismissed.  On January 20, 2004, he was sentenced to fifteen years, with ten years suspended.  After Amiotte began serving his five-year sentence, on February 11, 2004, an Inmate Program Directive (IPD) was established for him.  His IPD required, among other things, that he complete the Special Treatment of Perpetrators (STOP) Program, which includes therapy, education, and relapse prevention.

[¶3.]        Amiotte's presumptive parole date was set for June 9, 2006.  On August 19, 2004, he received notice that he was being considered for classification as an unconvicted sex offender, based on information that he had a history of sexually violent or sexually abusive behavior.  Amiotte was informed of his right to request a hearing before the Unconvicted Sex Offender Administrative Review

Panel (Review Panel), right to present evidence, and to have staff assistance. His hearing was held on September 28, 2004. Three people were empanelled to determine whether, by a preponderance of the evidence, Amiotte was an unconvicted sex offender. The Review Panel issued a written decision detailing the evidence it relied upon and concluded that he was an unconvicted sex offender. Amiotte received a copy of this written decision.

[¶4.]    Amiotte had a right to appeal his decision through the Department of Correction's (DOC) administrative review process. Through this process, he appealed the decision to the Secretary of Corrections. Acting Secretary Doug Weber reviewed the evidence and agreed with the Panel's decision to classify Amiotte as an unconvicted sex offender. Secretary Weber issued a letter on February 18, 2005, affirming Amiotte's classification and encouraging him to participate in the STOP program. Amiotte neither appealed this decision to the circuit court nor participated in the STOP program.

[¶5.]    One month before his June 2006 presumptive parole date, the DOC reported to the Board of Pardons and Paroles (Board) that Amiotte was not in substantial compliance with his IPD for failure to complete the STOP program. The Board held a hearing and concluded that Amiotte was not in substantial compliance. Consequently, the Board denied him release on parole. The Board set November 2006, for consideration of Amiotte's possible release on discretionary parole.

[¶6.]    On September 13, 2006, Amiotte requested that the Board reconsider its decision. Reconsideration was granted and hearings were held on October 18

and December 20, 2006. Amiotte requested that the Board examine the Review Panel's previous decision classifying him as an unconvicted sex offender. On February 23, 2007, the Board ruled that it did not have jurisdiction to reconsider the Panel's finding. Rather, the Board could only determine whether Amiotte was in substantial compliance with his IPD. He had not participated in the STOP program, and therefore, the Board affirmed its previous decision denying his release on parole.

[¶7.] Amiotte appealed the Board's decision to the circuit court. A hearing was held on February 15, 2008. He argued to the court that the Board had jurisdiction to reconsider the Review Panel's classification. The circuit court held that the Board had only jurisdiction to determine whether an inmate is in substantial compliance with the inmate's IPD. Because Amiotte was not in substantial compliance, the court affirmed the Board's decision. Amiotte appeals to this Court asserting that the Board has jurisdiction to review a decision of the Review Panel and also that his classification as an unconvicted sex offender was not supported by a preponderance of the evidence.[1]

---

1. Because Amiotte challenges the Board's legal authority, our standard of review is de novo. *Krukow v. South Dakota Bd. of Pardons & Paroles*, 2006 SD 46, ¶7, 716 NW2d 121, 123 (citing *Wendell v. South Dakota Dept. of Transp.*, 1998 SD 130, ¶5, 587 NW2d 595, 597; *Boehrns v. South Dakota Bd. of Pardons & Paroles*, 2005 SD 49, ¶5, 697 NW2d 11, 12-13). We construe statutes according to their intent, determined from the language as a whole, along with enactments relating to the same subject. *Id.* ¶12 (quoting *State v. Barton*, 2001 SD 52, ¶8, 625 NW2d 275, 278 (quoting *Moss v. Guttormson*, 1996 SD 76, ¶10, 551 NW2d 14, 17)) (additional citation omitted).

## Analysis and Decision

[¶8.]        The DOC is authorized to establish procedures for managing its inmates, which includes the creation of an IPD for each inmate. SDCL 1-15-20; SDCL 24-15A-34. Amiotte was classified by the DOC as an unconvicted sex offender. This meant that he was required to complete the STOP program as part of his IPD. He invoked his right to challenge the classification using the DOC's administrative review process. He appealed the Review Panel's decision to the Secretary of Corrections, but afterwards he did not appeal the Secretary's decision to the circuit court. Nonetheless, Amiotte claims the DOC's classification of an inmate is subject to review by the Board of Pardons and Paroles. He relies on SDCL 24-15A-39 and the DOC administrative review policies.

[¶9.]        When the DOC classifies an inmate as an unconvicted sex offender, the DOC administrative review process allows the inmate a right to challenge that decision.[2] The classification is first appealed to the Warden. If the Warden affirms, the inmate can appeal to the Secretary of Corrections. The Secretary's decision can then be appealed to the circuit court. *See* Tibbetts v. State, 336 NW2d 658, 661-62 (SD 1983). The Board's role in evaluating an inmate's IPD is invoked when an

---

2.      The DOC administrative remedy process includes both informal and formal processes. The informal process directs the inmate to "try to resolve it through an informal resolution." However, "[i]f the inmate believes the issue has not been properly resolved, he/she may obtain the Request for Administrative Remedy form from his/her Unit Staff." Through this request the inmate submits a formal complaint, after which a written response will be provided signed by the Warden within thirty working days. For a complaint related to an inmate classification as an unconvicted sex offender, "[t]he Warden's Response to a Request for Administrative Remedy may only be appealed to the Secretary of Corrections. . . ."

inmate's parole date approaches.  The Board decides whether the inmate has substantially complied with that inmate's IPD and whether the inmate should be granted parole.[3]  SDCL 24-15A-39.

[¶10.]      Based on our review of SDCL Chapter 24-15A and the DOC administrative review policies, we find no language expressly or impliedly granting the Board jurisdiction to review the DOC's classification.  The plain language of SDCL 24-15A-39 gives the Board only the power to determine whether the inmate is in substantial compliance with that inmate's IPD.  Moreover, there is no inherent power in the Board to review the DOC's classification of an inmate, simply because it is the Board of Pardons and Paroles.

[¶11.]      While the Board does not have jurisdiction to review the DOC's classification, Amiotte was not without judicial redress.  He could have challenged the classification in the circuit court after the Secretary affirmed the DOC's decision.  This he did not do, and the Board is not the proper forum to now challenge the DOC's classification.  Because we conclude that the Board does not have jurisdiction, we need not consider whether Amiotte's classification as an unconvicted sex offender was based on a preponderance of the evidence.

[¶12.]      Affirmed.

---

3.      Under SDCL 24-15A-39:

> The board may determine the inmate has substantively complied with the individual program directive and release the inmate at the inmate's initial parole date or as soon as reasonably possible following the initial parole date and hearing.  The board may also determine the inmate has not substantively met the requirements of the individual

(continued . . .)

#24836

[¶13.] GILBERTSON, Chief Justice, and SABERS, ZINTER, and

MEIERHENRY, Justices, concur.

_____

(. . . continued)

        program directive, deny release at the initial parole date and set the
time for a subsequent discretionary parole hearing.