#24370-r-JKK

**2007 SD 114**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,            Plaintiff and Appellee,

  v.

MICHAEL JAMES PLENTY HORSE,        Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE WILLIAM J. SRSTKA, JR.
Judge

\* \* \* \*

LAWRENCE E. LONG
Attorney General

FRANK GEAGHAN
Assistant Attorney General         Attorneys for plaintiff
Pierre, South Dakota                 and appellee.

TRACI SMITH
Office of the Minnehaha
 County Public Defender           Attorneys for defendant
Sioux Falls, South Dakota          and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 27, 2007

OPINION FILED **11/07/07**

#24370

KONENKAMP, Justice

[¶1.]        Under South Dakota law, the crime of indecent exposure prohibits the public exposure of one's genitals for the purpose of arousing sexual desire in oneself or another. Defendant was convicted of this offense after he was surprised by a security guard while alone in a public building attempting to have sexual intercourse with a mannequin. Although counsel for defendant offers several theories on why this conviction should be reversed, the only meritorious question before us is whether defendant's conduct fell within the purview of the statute. We conclude that because the indecent exposure statute criminalizes sexual gratification by displaying or showing one's genitals in public, and the evidence shows that defendant did not seek to gratify himself or arouse someone else by the act of publicly exposing his genitals, the conviction cannot stand.

### Background

[¶2.]        In the late afternoon of November 14, 2005, defendant was walking to the YMCA in Sioux Falls, South Dakota. On his way, he stopped by the Washington Pavilion and ventured upstairs. Shortly afterwards, he was surprised by a security guard in the Alumni Room, a small third-floor space containing high school mementos and photos honoring students who had attended Washington High School. There were no other patrons in the area at the time. The guard found defendant lying on top of a mannequin, with its band uniform partially removed. It appeared that defendant was having simulated intercourse. Defendant was clothed, but his pants were partially down, and a wad of paper was in his hand. Defendant rolled off the mannequin, turned away, and began adjusting his pants. Defendant

-1-

was told to remain where he was, and the police were called. The guard had walked upon this scene because he noticed that the door to the room was closed. This door, according to the guard, was to be left open and, to his knowledge, had only been closed three times in the three years he had worked there. When the guard opened the door and walked in the room, the lights were off.

[¶3.] When questioned about what he was doing, defendant, visibly ashamed, declined to talk about it. A low functioning nineteen-year old, defendant has been classified as a high school sophomore for the past three years. His reading comprehension remains at the level of a fourteen-year old; his math skills, that of an eight-year old; and his written language, that of a thirteen-year old. With more questioning, he finally admitted that because he had not seen his girlfriend in a year his needs had not been met. He worried about what would be told to his mother.

[¶4.] Defendant was charged with indecent exposure under SDCL 22-24-1.2 (2005), a class one misdemeanor. A court trial was held before a magistrate, who found defendant guilty. He was granted a suspended imposition of sentence and placed on supervised probation for three years. With this conviction, he must register as a sex offender. SDCL 22-24B-1(11) (2005); SDCL 22-24B-2 (2005). His appeal in circuit court was affirmed. Defendant appeals to this Court, asserting that there was insufficient evidence to convict him of indecent exposure under the statute.

## Standard of Review

[¶5.]     "Our review of the sufficiency of the evidence is de novo." State v.

Tofani, 2006 SD 63, ¶35, 719 NW2d 391, 400 (citing State v. Disanto, 2004 SD 112,

¶14, 688 NW2d 201, 206). As we recently stated in *Tofani*:

> *"[A]ll of the evidence* is to be considered in the light most
> favorable to the prosecution." Jackson v. Virginia, 443 US 307,
> 319, 99 SCt 2781, 2789, 61 LEd2d 560 (1979) (emphasis in
> original). There must be substantial evidence to support the
> conviction. Glasser v. United States, 315 US 60, 80, 62 SCt 457,
> 469, 86 LEd 680 (1942), *superseded on other grounds*, Bourjaily
> v. United States, 483 US 171, 107 SCt 2775, 97 LEd2d 144
> (1987). The "inquiry does not require [an appellate] court to 'ask
> itself whether it believes that the evidence at the trial
> established guilt beyond a reasonable doubt.'" *Jackson*, 443 US
> at 318-19, 99 SCt at 2789, 61 LEd2d 560 (emphasis in original)
> (quoting Woodby v. Immigration and Naturalization Serv., 385
> US 276, 282, 87 SCt 483, 486, 17 LEd2d 362 (1966)). "Instead,
> the relevant question is whether, after viewing the evidence in
> the light most favorable to the prosecution, any rational trier of
> fact could have found the essential elements of the crime beyond
> a reasonable doubt." *Id.* Evidence is insufficient, and therefore
> not substantial, when no rational trier of fact could find guilt
> beyond a reasonable doubt. *Id.*

*Id.* In construing a statute, we attempt to ascertain its intent. Krukow v. S.D. Bd.

of Pardons and Paroles, 2006 SD 46, ¶12, 716 NW2d 121, 124 (quoting State v.

Barton, 2001 SD 52, ¶8, 625 NW2d 275, 278). The "'intent must be determined

from the statute as a whole, as well as enactments relating to the same subject.'"

*Id.* (citations omitted).

## Analysis and Decision

[¶6.]     Conceding that having sex in public with a mannequin would likely

offend people, defense counsel nonetheless contends that defendant did not "flash"

or expose his genitals "in hopes of being observed, thereby gratifying himself sexually." The offense of indecent exposure is defined in SDCL 22-24-1.2 (2005):

> A person commits the crime of indecent exposure if, with the intent to arouse or gratify the sexual desire of any person, the person exposes his or her genitals in a public place under circumstances in which that person knows that person's conduct is likely to annoy, offend, or alarm another person.[1]

Clearly, the "with the intent to" language proclaims that indecent exposure should be defined as a specific intent crime. When a statute has language requiring a specific design or purpose for doing a prohibited act, such language usually creates a specific intent offense. State v. Schouten, 2005 SD 122, ¶16, 707 NW2d 820, 825-26; *see also* SDCL 22-1-2(1)(b).

[¶7.]     Because this is a specific intent crime, the prosecution must link the exhibition of one's genitals to the intent to seek sexual gratification by such public exposure. Thus, it must be proved that the offender exhibited or displayed his genitals with the intent of arousing himself or someone else. This is not how the circuit court and the magistrate court interpreted the statute. It appears that they examined each phrase in isolation rather than the statute as a whole to determine whether defendant had the requisite intent. This approach ignores the structure

---

1.     In 1998, the Legislature repealed a previous version of the statute and enacted two statutes in replacement. *See* SL 1998, ch 136, sec 1; *see also* SDCL 22-24-1.1 (2005); SDCL 22-24-1.2 (2005). Before 1998, the statute provided,

> Any person who intentionally and with an immoral purpose exposes his or her genitalia in any place where there is present any person, other than the spouse of the exposer, to be offended or annoyed thereby, is guilty of a Class 1 misdemeanor.

SDCL 22-24-1 (1997) (repealed SL 1998, ch 136, sec 1).

and purpose of the enactment. The statute was intended to criminalize the act of displaying or showing one's genitals in public for sexual gratification.[2]

[¶8.]     South Dakota's Pattern Jury Instructions accurately set forth the elements of the crime: (1) "The defendant exposed (his) (her) genitals in a public place;" (2) "The defendant did so under circumstances that (he) (she) knew that (his) (her) conduct was likely to (annoy) (offend) (alarm) another person;" and (3) "The defendant did so with the intent to arouse or gratify the sexual desire of any person." South Dakota Pattern Jury Instruction 3-3-30.[3] To be guilty of the offense, first, defendant must have exposed himself in public. Second, defendant must have exposed himself in public under circumstances he knew would likely offend, annoy, or alarm another person. Third, defendant must have exposed himself in public with "the intent to arouse or gratify the sexual desire of any person." *Id.*

[¶9.]     Although defendant had the observable intent to sexually gratify himself, no evidence demonstrated that he intended to arouse or gratify his (or

---

2.     "Expose" originates from the Latin word "exponere," which includes the following definitions: (1) to put outside, cast out; and, more particular to the context of this offense, (2) to put on view, display, show. Cassell's Latin English Dictionary 86 (MacMillan 1987). In Black's Law Dictionary, expose is defined as, "To show publicly; to display; to offer to the public view. . . ." 579 (6th ed 1990).

3.     Although we do not cite previously unapproved pattern jury instructions as authority, we note that the South Dakota Pattern Jury Committee correctly interprets this statute. *See* South Dakota Pattern Jury Instruction 3-3-30. The comments to the South Dakota Pattern Jury Instructions state that along with the indecent exposure instruction, the jury should also receive the instruction on specific intent. *Id.*

someone else's) sexual desire by the act of exposing his genitals in public. On the contrary, while he was alone and the lights were off, defendant closed the door and went over by a desk. It was late in the afternoon, near to closing time, and no other patrons were in the area. Nothing establishes that his conduct was done with the specific intent to generate sexual arousal or gratification by the act of publicly exposing, *i.e.*, displaying or offering to the public view, his genitals. Therefore, defendant's act, lewd though it may have been, does not fall within the purview of the indecent exposure statute.[4]

[¶10.]    Reversed.

[¶11.]    GILBERTSON, Chief Justice, and SABERS, ZINTER, and MEIERHENRY, Justices, concur.

---

4.    Defense counsel on appeal suggests that defendant could have been more properly charged with public indecency, under SDCL 22-24-1.1 (2005). That statute provides:

> A person commits the crime of public indecency if the person, with an immoral purpose, exposes his or her anus or genitals in a public place where another may be present who will be offended or alarmed by the person's act. A violation of this section is a Class 2 misdemeanor.

*Id.*