MEIERHENRY, Justice
(dissenting in part and concurring in result in part).
[¶ 32.] I dissent on the majority’s interpretation of the indecent exposure statute as well as its characterization of the detectives as victims; however, I concur in the result.
[¶ 33.] Moss contends that the State failed to prove he was guilty of the crime of indecent exposure because the evidence did not support an element of the crime, that is, that a victim be present and that the perpetrator “knows [his/her] conduct is likely to annoy, offend, or alarm” the present victim. Citing SDCL 22-24-1.2 (inde *636 cent exposure).[7] Moss’s interpretation of the statute has merit; nevertheless, based on the evidence the conviction should be affirmed.
[¶ 34.] South Dakota’s statutory scheme contains three separate statutes that criminalize the exposure of one’s genitals-public indecency, indecent exposure and indecent exposure involving a child. When these statutes are considered in pari materia, it appears the legislature intended to require the presence of a victim for the crimes of indecent exposure and indecent exposure involving a child, but expressly excluded the necessity for the presence of a victim for public indecency. SDCL 22-24-1.1 (public indecency); SDCL 22-24-1.2 (indecent exposure), SDCL 22-24-1.3 (indecent exposure involving a child).
[¶ 35.] We have said that “[t]he object of the rule of [in] pari materia is to ascertain and carry into effect the intention of the legislature. It proceeds upon the supposition that the several statutes [are] governed by one spirit and policy, and [are] intended to be consistent and harmonious in their several parts and provisions.” Lewis & Clark Rural Water System, Inc. v. Seeba, 2006 SD 7, ¶ 15, 709 N.W.2d 824, 831 (citations omitted) (noting that the maxim of in pari materia requires the attempt to harmonize statutes). “Statutes must be construed in pari materia when ‘they relate to the same person or thing, to the same class of person or things, or have the same purpose or object.’” Id. (quoting Goetz v. State, 2001 SD 138, ¶ 26, 636 N.W.2d 675, 683 (citing 2B Sutherland, Statutory Construction, § 51:03 (6th ed 2000)). See also State v. Plenty Horse, 2007 SD 114, ¶ 5, 741 N.W.2d 763, 765 (noting “In construing a statute, we attempt to ascertain its intent. The intent must be determined from the statute as a whole, as well as enactments relating to the same subject.”) (internal citation and quotes omitted); Seeba, 2006 SD 7, ¶ 12, 709 N.W.2d at 830) (noting that “[t]his Court gives ‘words their plain meaning and effect, and read[s] statutes as a whole, as well as enactments relating to the same subject ’ ”) (citations omitted) (emphasis added). Indeed, the public indecency and indecent exposure statutes prohibit the same types of obscene public exposure and were enacted and amended by the same Legislature, at the same time, and in the same bills. See 1998 SD Sess Laws ch 136, §§ 2 and 3; 2005 SD Sess Laws ch 120, §§ 298 and 299. See also Plenty Horse, 2007 SD 114, ¶ 6, 741 N.W.2d 763 n. 1, 741 N.W.2d at 765 n. 1 (recognizing that “[i]n 1998, the Legislature repealed a previous version of the statute and enacted two statutes in replacement”). Although the indecent exposure statute involving a child was not enacted until 2002, it shares common phraseology with the other two.
[¶ 36.] Each statute’s exclusivity becomes clear when the statutes are construed in pari materia. All three contain similar wording but contain different requirements for who must be present in the public place when the exposure occurs. The mens rea element of each statute exemplifies this distinction. The indecent exposure statute requires the intentional exposing of ones genitals, “under circum *637 stances in which that person knows that person’s conduct is likely to annoy, offend or alarm another person.” SDCL 22-24-1.2 (emphasis added). Similarly, the indecent exposure involving a child requires the intentional exposing of ones genitals “under circumstances in which that person knows that his or her conduct is likely to annoy, offend, or alarm some child, thirteen years of age or younger” SDCL 22-24-1.3 (emphasis added). Comparatively, the public indecency statute merely requires the perpetrator “know” his conduct — which is likely to offend, annoy or alarm — occurs in a public place where “another may be present.” SDCL 22-24-1.1 (emphasis added). It appears that the legislature intended that the presence of a victim be a factor in these crimes.
[¶37.] Prior to the legislature’s adoption of the current criminal exposure scheme, there was only one statute that defined criminal exposure and it required the presence of a victim.[8] SDCL 22-24-1, repealed by 1998 SD Sess Laws ch 136, § 1. That statute was repealed and reenacted as two distinct crimes, public indecency and indecent exposure.[9] 1998 SD Sess Laws ch 136, §§ 2 and 3. A third statute, indecent exposure involving a child, was later added to the criminal exposure scheme.[10] 2002 SD Sess Laws ch *638 111, § 1. When the legislature split up the crimes, it expressly excluded the necessity for the presence of a victim for public indecency by adding the language: “where another may be present.” SDCL 22-24-I.1 (1998) (emphasis added). In 2005, the legislature amended the public indecency statute adding the exact language already used in both the indecent exposure statute and the indecent exposure involving a child statute: “under circumstances in which that person knows that his or her conduct is likely to annoy, offend, or alarm.”[11] 2005 SD Sess Laws ch 120, § 128; see also 2005 SD Sess Laws ch 120, § 147 (providing that “[t]he provisions of this Act are effective on July 1, 2006”). Because the public indecency statute already contained language expressly abolishing the necessity for the presence of a victim, the only purpose for the amendment was to define the prohibited conduct. If we were to interpret the shared provision as an elimination of the requirement that a victim be present, as the Court prescribes above, the previous and current wording “where another may be present” becomes useless and superfluous. We must presume that the legislature does not exert the effort to amend statutes with redundant and meaningless language. See Brim v. South Dakota Bd. of Pardons & Paroles, 1997 SD 48, ¶ 43, 563 N.W.2d 812, 822 (citation omitted) (stating “This court will not construe a statute in a way that renders parts to be duplicative and surplusage”) (citing Sutherland Statutory Construction § 22.30 (5th ed 1993) (“[I]t is presumed that the provisions added by amendment were not included in the original act.”)).
[¶ 38.] Moreover, consideration of the indecent exposure statute involving a child further emphasizes the fact that the shared phrase defines the “conduct” rather than the probability that a victim be present. The initial version of that statute provided as follows: “If any person, eighteen years of age or older, exposes his or her genitals in a public place under circumstances in which that person knows that his or her conduct is likely to annoy, offend, or alarm some other person, and that conduct is viewed by and does, in fact, annoy, offend, or alarm any child, ... that person is guilty.” SDCL 22-24-1.3 (2005). Again, if we were to interpret the shared provision as an elimination of the requirement that a victim be present, as the majority prescribes above, the subsequent language requiring the presence of a child victim would be awkward and absolutely contrary to the Court’s interpretation of the shared phrase. See id.; see also Seeba, 2006 SD 7, ¶ 64, 709 N.W.2d at 841 (citation and internal quotes omitted) (“[w]here statutes appear to conflict, it is our responsibility to give reasonable construction to both, and if possible, to give effect to all provisions under consideration, construing them together to make them harmonious and workable.”). The shared phrase defines the criminalized conduct; therefore, because the legislature chose not to use the language “where another may be present” when defining indecent exposure, the logical conclusion is that *639 the presence of a victim remains a required element of the crime.
[¶ 39.] Finally, at the trial, Detective Duntman testified that from the location of the prohibited conduct he observed two occupied vehicles one that could be seen “plain as day” and another individual in a van who was “observing what was going on.” Based on this testimony, the jury could have rationally inferred that the present individuals, who occupied the vehicles, unwillingly witnessed the sex act without consenting to the same. Therefore, the necessity to demonstrate the presence of a victim was satisfied. Although the majority claims that the detectives met the statutory requirement of the presence of victims, the State did not make this claim at trial or to this Court. In fact, the State emphasized that the victims were the unwilling, unknowing public — not the police officers. The State made the following argument to the jury:
[T]here is no evidence that there is a sign outside of Elmwood Park that says warning, sex may be occurring, if you don’t want to see it, please, leave.... There were actually people in the parking lot. They’re trying to change that to well, there were people in the parking lot, but this is the sex park, and so if you go to this park, you’ve got to expect it, just like if you go to a strip club. Well, you know what, if you’re in law enforcement, maybe you have that information, if you’re a prosecutor, maybe you have that information, but if you’re a member of the community, again, no sign or indication that that’s what may be occurring.
I would affirm the verdict solely on the basis of the testimony regarding the other witnesses being present.

. SDCL 22-24-1.2 provides in pertinent part as follows:
A person commits the crime of indecent exposure if, with the intent to arouse or gratify the sexual desire of any person, the person exposes his or her genitals in a public place under circumstances in which that person knows that person's conduct is likely to annoy, offend, or alarm another person. A violation of this section is a Class 1 misdemeanor....

. SDCL 22-24-1 (1997) provided:
Any person who intentionally and with an immoral purpose exposes his or her genitalia in any place where there is present any person, other than the spouse of the expo-ser, to be offended or annoyed thereby, is guilty of a Class 1 misdemeanor. However, if such person has been previously convicted of a felony violation of § 22-22-1, 22-22-19.1, or 22-22-23, that person is guilty of a Class 6 felony. Any person convicted of a third or subsequent violation of this section is guilty of a Class 6 felony.

. SDCL 22-24-1.1 (1998) (public indecency) provided:
A person commits the crime of public indecency if the person, with an immoral purpose exposes his or her anus or genitals in a public place where another may be present who will be offended or alarmed by the person’s act. A violation of this section is a Class 2 misdemeanor.
SDCL 22-24 — 1.2 (1998) (indecent exposure) provided:
A person commits the crime of indecent exposure if, with the intent to arouse or gratify the sexual desire of any person, the person exposes his or her genitals in a public place under circumstances in which that person knows that person’s conduct is likely to annoy, offend or alarm another person. A violation of this section is a Class 1 misdemeanor....

. SDCL 22-24-1.3 (2002) (indecent exposure involving a child) provided:
If any person, eighteen years of age or older, exposes his or her genitals in a public place under circumstances in which that person knows that his or her conduct is likely to annoy, offend, or alarm some other person, and that conduct is viewed by and does, in fact, annoy, offend, or alarm any child, thirteen years of age or younger, that person is guilty of the crime of aggravated indecent exposure. Aggravated indecent exposure is a Class 1 misdemeanor. A second or subsequent conviction for aggravated indecent exposure is a Class 6 felony.
Interestingly, the penalty for actually exposing one’s genitals in a public place to a child who was “in fact” annoyed, offended or alarmed evoked the exact penalty as the charged indecent exposure statute. Compare SDCL 22-24-1.3 (2005) (indecent exposure involving a child) (penalty of Class 1 misdemeanor with second offense raised to Class 6 felony) with SDCL 22-24-1.2 (2005) (penalty of Class 1 misdemeanor with second offense raised to Class 6 felony). The current version of SDCL 22-24-1.3 (indecent exposure involving a child) provides as follows:
If any person, eighteen years of age or older, with the intent to arouse or gratify the sexual desire of any person, exposes his or her genitals under circumstances in which that person knows that his or her conduct is likely to annoy, offend, or alarm some child, thirteen years of age or younger, that person is guilty of the crime of indecent exposure involving a child. Indecent exposure involving a child is a Class 6 *638 felony. A second or subsequent conviction for indecent exposure involving a child is a Class 5 felony.

. SDCL 22-24-1.1 currently provides:
A person commits the crime of public indecency if the person, under circumstances in which that person knows that his or her conduct is likely to annoy, offend, or alarm some other person, exposes his or her anus or genitals in a public place where another may be present who will be annoyed, offended, or alarmed by the person’s act. A violation of this section is a Class 2 misdemean- or.
(Emphasis added).