*132 SEVERSON, Justice
(dissenting). [¶ 31.] I respectfully dissent. “Our review of the sufficiency of the evidence is de novo.” State v. Plenty Horse, 2007 S.D. 114, ¶ 5, 741 N.W.2d 763, 764 (quoting State v. Tofani, 2006 S.D. 63, ¶ 35, 719 N.W.2d 391, 400). When reviewing a claim of insufficiency of the evidence, the question is “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” People ex rel. W.T.M., 2010 S.D. 45, ¶ 15, 785 N.W.2d 264, 267 (quoting In re J.H., 2008 S.D. 88, ¶ 13, 756 N.W.2d 549, 551-52). Sexual penetration is an essential element of the crime of rape. SDCL 22-22-1. Sexual penetration is “any intrusion, however slight, of any part of the body or of any object into the genital or anal openings of another person’s body.” SDCL 22-22-2. As the majority notes, penetration can be inferred from circumstantial evidence. Spurlock v. State, 675 N.E.2d 312, 315 (Ind.1996). However, this Court cannot uphold a conviction that is “based on a mere suspicion or possibility of guilt.” United States v. Plenty Arrows, 946 F.2d 62, 65 (8th Cir.1991) (quoting United States v. Robinson, 782 F.2d 128, 129 (8th Cir.1986)).
[¶ 32.] In this case, there is no direct evidence indicating that sexual penetration occurred. The majority opinion concludes that KM.’s testimony Toohey touched her “front,” and the evidence that K.M. told the forensic interviewer that the touch “hurt,” is sufficient circumstantial evidence of penetration to permit the jury to find beyond a reasonable doubt that Toohey was guilty of rape. Majority Opinion ¶ 26. I disagree.
[¶ 33.] The cases cited in the majority opinion are factually distinguishable from this case. See Majority Opinion ¶¶ 24-25. While the examination of those factually distinguishable cases may be helpful in our analysis, they are not controlling. Indeed, other courts presented with facts analogous to this case have held that the evidence of penetration was insufficient to support a conviction of rape. See, e.g., Atteberry v. State, 911 N.E.2d 601, 611 (Ind.Ct.App.2009) (overturning a conviction of rape because evidence of trauma to the victim’s anus and the presence of semen stains in her underwear was insufficient evidence that the defendant penetrated the victim’s sex organ with his penis, as required under the applicable Indiana statute); Goolsby v. State, 517 N.E.2d 54, 58 (Ind.1987) (holding that a victim’s testimony that her vaginal area felt tender when she awoke after being knocked unconscious during an attack was insufficient evidence of penetration to support a conviction of rape). Ultimately, we must examine K.M.’s testimony at trial and her stateménts to the forensic interviewer to determine whether this evidence supports the jury’s finding of guilt beyond a reasonable doubt. Even viewing this evidence in a light most favorable to the State, I believe it is subject to too much speculation and conjecture to support such a finding. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (noting that, when determining whether the evidence at trial was sufficient to support a criminal conviction, “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt”).
[¶ 34.] The State elected to charge Toohey with rape in the first degree, rather than a crime that did not require proof of penetration. The State was thus required to present substantial evidence of sexual penetration to sustain a conviction. *133 Plenty Horse, 2007 S.D. 114, ¶ 5, 741 N.W.2d at 765 (quoting Tofani, 2006 S.D. 63, ¶ 35, 719 N.W.2d at 400). While K.M.’s testimony that Toohey touched her “front” and “it hurt” would support a finding that Toohey made external contact with KM.’s genitalia, the testimony is legally insufficient to support a conviction of rape in the first degree because it did not provide the jury with a reasonable basis to infer, beyond a reasonable doubt, that penetration occurred. Based on the evidence admitted at trial, the jury’s finding that Toohey sexually penetrated K.M. could only be based on speculation. It could not logically be based on reasonable inferences that would support a finding of guilt beyond a reasonable doubt. Accordingly, I would hold that as a matter of law the evidence was insufficient to support a conviction of rape in the first degree.