#27156-a-GAS
**2015 S.D. 70**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

COLE KELLEY,                                    Appellant,

    v.

SOUTH DAKOTA BOARD
OF PARDONS AND PAROLES,                         Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE SUSAN M. SABERS
Judge

* * * *

DANIEL K. HAGGAR of
Minnehaha County Public
  Defender's Office
Sioux Falls, South Dakota                       Attorneys for appellant.


MARTY JACKLEY
Attorney General

ASHLEY E.H. MCDONALD
Department of Corrections
Special Assistant Attorney General
Sioux Falls, South Dakota                       Attorneys for appellee.

* * * *

CONSIDERED ON BRIEFS ON
MARCH 23, 2015

OPINION FILED 08/05/15

#27156

SEVERSON, Justice

[¶1.]     Cole Kelley appeals the revocation of his suspended sentence by the Board of Pardons and Paroles (Board).  We affirm.

## Background

[¶2.]     On April 16, 2007, Kelley was sentenced to seven years in the state penitentiary for possession of a controlled drug or substance with intent to distribute, and five years for committing or attempting to commit a felony with a firearm, to be served consecutive to the possession sentence.  He also received a twenty year sentence with ten years suspended for grand theft, to run consecutive to the possession and firearm sentences.  Lastly, he received a two year sentence for assault against an officer, to run consecutive to the possession and firearm sentences.  The sentencing court suspended ten years on the condition that Kelley "be under the supervision of the Board . . . for ten (10) years upon release from custody" and pay restitution.

[¶3.]     On September 19, 2012, Kelley signed a suspended sentence supervision agreement.  The agreement required Kelley to "conform to the rules and program requirements of the Department of Corrections, maintain a good disciplinary record and satisfactorily participate in programs as assigned."  It also contained the following provision: "I understand and agree that in the event I violate these conditions prior to my suspended sentence commencing, the Board has the authority to revoke the suspended portion and impose the entire sentence."  After Kelley signed this agreement, he received twelve major rule infractions.  Following a hearing on November 4, 2013, the Board revoked Kelley's suspended

-1-

sentence for failing to maintain a good disciplinary record. It imposed the original twenty-two year sentence. Kelley appealed the revocation and the circuit court affirmed. Kelley appeals; his sole issue on appeal is whether the Board exceeded its authority by imposing the conditions of the agreement and revoking his suspended sentence upon violations of the Board's conditions.

### Standard of Review

[¶4.]        SDCL 1-26-37 governs appeals from the Board.[1] Questions of fact are reviewed under the clearly erroneous standard. *Austad v. S.D. Bd. of Pardons & Paroles*, 2006 S.D. 65, ¶ 8, 719 N.W.2d 760, 764. We review questions of law de novo. *Id.*

### Analysis

[¶5.]        Under SDCL 23A-27-18.4,[2] the sentencing court clearly has, at the time of sentencing, the jurisdiction to limit and define conditions for which the

---

1.    SDCL 1-26-37 provides:

> An aggrieved party or the agency may obtain a review of any final judgment of the circuit court under this chapter by appeal to the Supreme Court. The appeal shall be taken as in other civil cases. The Supreme Court shall give the same deference to the findings of fact, conclusions of law, and final judgment of the circuit court as it does to other appeals from the circuit court. Such appeal may not be considered de novo.

2.    SDCL 23A-27-18.4, in relevant part, provides:

> Upon conviction, the sentencing court may suspend any portion of a penitentiary sentence subject to conditions or restrictions as the court may impose. The suspension order or judgment can be made only in the court in which the conviction occurred. A defendant with a partially suspended penitentiary sentence is under the supervision of the Department of Corrections and the Board of Pardons and Paroles. The board is charged with the

(continued . . .)

Board is authorized to revoke the suspended terms of the sentence. However, absent limitations imposed by the sentencing court, "[w]e have recognized that the Board of Pardons and Paroles may impose conditions on a defendant's suspended sentence in addition to those imposed by the sentencing court so long as the additional conditions are reasonable and *not inconsistent* with those mandated by the court." *Mann v. S.D. Bd. of Pardons & Paroles*, 2015 S.D. 13, ¶ 12, 861 N.W.2d 511 (quoting *Austad*, 2006 S.D. 65, ¶ 22, 719 N.W.2d at 768) (internal quotation marks omitted). As in *Mann*, Kelley does not argue that the conditions are unreasonable, and we need only consider whether the conditions were "not inconsistent" with the sentencing court's conditions. *See id.*

[¶6.]      Kelley argues that the conditions placed on him by the Board are inconsistent with the sentencing court's condition that he "be under the supervision of the Board . . . for ten (10) years upon release from custody." Once his suspended sentence has been revoked, the full sentence will be served; upon release, he will not be under supervision. However, Kelley does not explain why he could not comply with both the Board's conditions—conforming to the rules and program requirements of the Department of Corrections, maintain a good disciplinary record, and satisfactorily participate in programs as assigned—and the court's condition. Kelley could have complied with both, as the Board's conditions do not preclude his

_____

(. . . continued)

> responsibility for enforcing the conditions imposed by the sentencing judge, and the board retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of parole or the terms of the suspension.

ability to be released under supervision.  Therefore, the Board's conditions are not inconsistent with those placed on Kelley by the sentencing judge.

[¶7.]      It is the revocation of the suspended portion of his sentence, the punishment for violation of the conditions—rather than the conditions themselves—that negates the court's condition of supervision upon release.  Kelley asserts that the Board does not have authority to revoke an inmate's suspended sentence for violations of institutional rules.  He notes that revocation of a suspended sentence is not listed among the seven punishments authorized under SDCL 24-15A-4, which grants the Department of Corrections authority to punish "[a]ny inmate violating the rules or institutional policies[.]"[3]  However, we have recently rejected such an argument, explaining that "the Board's authority to revoke the suspended sentence does not derive from SDCL 24-15A-4; rather it derives from SDCL 23A-27-18.4." *Mann*, 2015 S.D. 13, ¶ 17, 861 N.W.2d at 517.  Further, as in *Mann*, Kelley "acknowledged when he signed the agreement that a violation of the suspended sentence supervision agreement may result in the revocation of the suspended

_____

3.      SDCL 24-15A-4 provides:

> Any inmate violating the rules or institutional policies is subject to any of the following disciplinary sanctions:
>
>> (1)    Disciplinary segregation;
>> (2)    Imposition of fines;
>> (3)    Loss of privileges;
>> (4)    Additional labor without compensation;
>> (5)    Referral to various programs;
>> (6)    Transfer to a more secure housing unit;
>> (7)    Change in classification status.
>
> No corporal punishment may be inflicted upon inmates in the penitentiary.

portion of his sentence." *See id.* As the circuit court noted, "It would be illogical to conclude that a sentencing court's act of ordering a period of supervision in conjunction with a partially suspended sentence operates as a prohibition on the revocation of suspended time itself." Therefore, the Board acted within its authority. We affirm.

[¶8.]        GILBERTSON, Chief Justice, and WILBUR, Justice, concur.

[¶9.]        ZINTER and KERN, Justices, concur specially.


ZINTER, Justice (concurring specially).

[¶10.]        Under our recent decision in *Mann v. South Dakota Board of Pardons & Paroles*, 2015 S.D. 13, 861 N.W.2d 511, the Board of Pardons and Paroles' revocation of the circuit court's suspended sentence must be affirmed. I write to suggest that this Court's cases may have strayed from constitutional and statutory limitations on the Board's power to condition and revoke a circuit court's suspended sentence. Because this question has not been briefed and argued, we should consider it in a future case when it is properly presented.

[¶11.]        The South Dakota Constitution delegates to the circuit courts the authority to suspend and revoke criminal sentences. *See* S.D. Const. art. V, § 5. But defendants sentenced to the state penitentiary are under the exclusive supervision of the executive branch, specifically the Department of Corrections, which includes the Board of Pardons and Paroles (Board). *See* S.D. Const. art. IV, § 9; SDCL 1-15-1; SDCL 1-15-1.4. The judicial suspended sentence power and the executive supervision power may overlap when a defendant serving a suspended

sentence under court-imposed conditions is involved in misconduct while incarcerated in the penitentiary. For the last thirty years, this Court has frequently, and sometimes inconsistently, wrestled with determining whether the Board was authorized to revoke suspended sentences for violations of suspended sentence conditions imposed by the Board.[4]

[¶12.]     In this case, the Board conditioned and revoked Kelley's court-imposed suspended sentence for a violation of penitentiary disciplinary rules. But in apparent deference to Article V, § 5 of the South Dakota Constitution, the governing statute only authorizes the Board to revoke suspended sentences for violations of "conditions imposed by the sentencing judge," and compliance with penitentiary disciplinary rules was not a condition imposed by the sentencing judge. *See* SDCL

---

4.     *See State v. Huftile*, 367 N.W.2d 193, 197 (S.D. 1985) (concluding that the Board "has been granted the power to revoke when the inmate has been paroled by virtue of a suspended sentence"); *Turo v. Solem*, 427 N.W.2d 843, 846 (S.D. 1988) (concluding that Board had the authority to revoke the suspended sentence when defendant failed to report to parole officer); *Smith v. S.D. Bd. of Pardons & Paroles*, 515 N.W.2d 219, 225 (S.D. 1994) (concluding that the Board did not have authority to revoke defendant's suspended sentence for a noncriminal activity—the consumption of alcohol); *Robinson v. Leapley*, 515 N.W.2d 216, 219 (S.D. 1994) (per curium) (concluding that Board exceeded its authority when it revoked defendant's suspended sentence for violation of parole conditions—failure to keep his parole agent advised of his whereabouts); *Grajczyk v. S.D. Bd. of Pardons & Paroles*, 1999 S.D. 149, ¶ 16, 603 N.W.2d 508, 513 (concluding that the Board properly revoked the suspended portion of defendant's sentence when he committed a felony in prison); *Austad*, 2006 S.D. 65, ¶ 22, 719 N.W.2d at 768-69 (concluding that the Board had the authority to revoke defendant's suspended sentence for violating two penitentiary conditions); *Mann*, 2015 S.D. 13, ¶ 14, 861 N.W.2d at 516 (concluding that the Board could revoke an inmate's suspended sentence for "behavioral" violations of penitentiary rules although the court only imposed "financial" conditions).

23A-27-18.4 (providing in relevant part: "The board is charged with the responsibility for enforcing *the conditions imposed by the sentencing judge*, and the board retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of parole or the *terms of the suspension*." (emphasis added)).

[¶13.]        Notwithstanding this limitation, under this Court's current precedent, the Board did not exceed its authority.  The Board did not exceed its authority because the Board's and the court's conditions were "not inconsistent."  *See Mann*, 2015 S.D. 13, ¶¶ 15, 17, 861 N.W.2d at 516-17 (noting that the respective conditions were "not inconsistent," and therefore, the board had discretion under SDCL 23A-27-18.4 to revoke the inmate's suspended sentence for violating penitentiary rules).  In applying the "not inconsistent" test, we explained that the Board had authority because "the [behavioral] conditions imposed by the Board did not *contradict or interfere* with Mann's obligation to pay restitution to the victims and Brookings County[,]" the court-imposed conditions of the suspended sentence.  *Id.* ¶ 14, 861 N.W.2d at 516 (emphasis added).  Or, as the Court explains today, the revocation was authorized because it was possible for the inmate to comply both the sentencing court's and the Board's conditions.  *See supra* ¶ 6.  There is, however, a more fundamental question: whether this application of the "not inconsistent" test is proper under the limitations in SDCL 23A-27-18.4 and the Constitution.

[¶14.]        Both this Court and the Legislature have attempted to delineate who supervises inmates, what conditions may be placed on their suspended sentences, and who may revoke their suspended sentences.  Our cases have both restricted and expanded the Board's authority to revoke a circuit court's suspended sentence for a

violation of Board conditions not explicitly imposed by the sentencing judge. *See supra* ¶ 11 n.4. As is relevant in this case, the Board's authority to condition and revoke a court's suspended sentence has developed through three cases.

[¶15.]    In 1983, this Court held that there is an implied condition in every suspended sentence that the defendant may not violate the law. *State v. Holter*, 340 N.W.2d 691, 693 (S.D. 1983). Therefore, if an inmate commits a criminal offense, a court's suspended sentence may be revoked even if that condition was not imposed by the sentencing judge. *Id.* Then in 1988, this Court recognized the Board's authority to impose additional conditions as long as they are reasonable and "consistent" with those imposed by the court. *Turo*, 427 N.W.2d at 846. In *Smith*, without explanation, this Court rephrased the *Turo* language to permit additional conditions as long as they are reasonable and "not inconsistent" with those required by the court.[5] *Smith*, 515 N.W.2d at 224. This unexplained language change was carried over without comment in *Austad*, 2006 S.D. 65, ¶ 22, 719 N.W.2d at 768 and *Mann*, 2015 S.D. 13, ¶ 12, 861 N.W.2d at 515. Although this change could be viewed as semantic rather than substantive, it has resulted in a significant expansion of the Board's authority.

---

5.    On the same day *Smith* was published, this Court also issued a per curium opinion, *Robinson v. Leapley*, 515 N.W.2d 216, 218 (S.D. 1994), with the same interpretation of *Turo* as *Smith*. *Robinson* stated: "In *Turo*, this Court held that the Board of Pardons and Paroles may impose conditions on a suspended sentence in addition to those imposed by the sentencing court if the additional conditions are reasonable and *not inconsistent* with those imposed by the sentencing court." *Id.* (emphasis added).

[¶16.] As *Mann* and this case demonstrate, current application of this unexplained change in language has stretched SDCL 23A-27-18.4 and compromised the separation of judicial and executive powers. Under these cases, there is no real limit on conditions the Board may impose.[6] There is no real limit because under the "not inconsistent" test, the Board may impose any condition as long the inmate can comply with both the court's and the Board's conditions. *See supra* ¶ 6 ("Kelley does not explain why he could not comply with both the Board's conditions—conforming to the rules and program requirements of the Department of Corrections, maintain a good disciplinary record, and satisfactorily participate in programs as assigned—and the court's conditions. Kelley could have complied with both, as the Board's conditions do not preclude his ability to be released under supervision.").

[¶17.] Effectively limitless Board conditioning of court-suspended sentences is not consistent with the language of SDCL 23A-27-18.4 or with the division of powers delineated in the Constitution. Consequently, our cases should be re-examined in a future case where the parties have briefed the statutory and constitutional limits on the authority of the executive to condition and revoke a court's suspended sentence. This should include, but not be limited to, the question whether *Smith*'s "reasonable and not inconsistent" test has resulted in an improper

---

6. The condition must also be reasonable. "We have recognized that 'the Board of Pardons and Paroles may impose conditions on a defendant's suspended sentence in addition to those imposed by the sentencing court so long as the additional conditions are *reasonable* and not inconsistent with those mandated by the court.'" *Mann*, 2015 S.D. 13, ¶ 12, 861 N.W.2d at 515 (emphasis added) (quoting *Austad*, 2006 S.D. 65, ¶ 22, 719 N.W.2d at 768). But reasonableness is a separate independent inquiry. *See id.*

expansion of the authority of the executive to condition and revoke a circuit court's suspended sentence.

[¶18.]    KERN, Justice, joins this special writing.