*450 ZINTER, Justice
(concurring specially).
[¶ 10.] Under our recent decision in Mann v. South Dakota Board of Pardons & Paroles, 2015 S.D. 13, 861 N.W.2d 511, the Board of Pardons and Paroles’ revocation of the circuit court’s suspended sentence must be affirmed. I write to suggest that this Court’s cases may have strayed from constitutional and statutory limitations on the Board’s power to condition and revoke a circuit court’s suspended sentence. Because this question has not been briefed and argued, we should consider it in a future case when it is properly presented.
[¶ 11.] The South Dakota Constitution delegates to the circuit courts the authority to suspend and revoke criminal sentences. See S.D. Const, art. V, § 5. But defendants sentenced to the state penitentiary are under the exclusive supervision of the executive branch, specifically the Department of Corrections, which includes the Board of Pardons and Paroles (Board). See S.D. Const, art. IV, § 9; SDCL 1-15-1; SDCL 1-15-1.4. The judicial suspended sentence power and the executive supervision power may overlap when a defendant serving a suspended sentence under court-imposed conditions is involved in misconduct while incarcerated in the penitentiary. For the last thirty years, this Court has frequently, and sometimes inconsistently, wrestled with determining whether the Board was authorized to revoke suspended sentences for violations of suspended sentence conditions imposed by the Board.[4]
[¶12.] In this case, the Board conditioned and revoked Kelley’s court-imposed suspended sentence for a violation of penitentiary disciplinary rules. But in apparent deference to Article V, § 5 of the South Dakota Constitution, the governing statute only authorizes the Board to revoke suspended sentences for violations of “conditions imposed by the sentencing judge,” and compliance with penitentiary disciplinary rules was not a condition imposed by the sentencing judge. See SDCL 23A-27-18.4 (providing in relevant part: “The board is charged with the responsibility for enforcing the conditions imposed by the sentencing judge, and the board retains jurisdiction to revoke the suspended portion of the sentence for violation of the terms of parole or the terms of the suspension.” (emphasis added)).
[¶ 13.] Notwithstanding this limitation, under this Court’s current precedent, the Board did not exceed its authority. The Board did not exceed its authority because the Board’s and the court’s conditions were “not inconsistent.” See Mann, 2015 *451 S.D. 13, ¶¶ 15, 17, 861 N.W.2d at 516-17 (noting that the respective conditions were “not inconsistent,” and therefore, the board had discretion under SDCL 23A-27-18.4 to revoke the inmate’s suspended sentence for violating penitentiary rules). In applying the “not inconsistent” test, we explained that the Board had authority because “the [behavioral] conditions imposed by the Board did not contradict or interfere with Mann’s obligation to pay restitution to the victims and Brookings County[,]” the court-imposed conditions of the suspended sentence. Id. ¶14, 861 N.W.2d at 516 (emphasis added). Or, as the Court explains today, the revocation was authorized because it was possible for the inmate to comply both the sentencing court’s and the Board’s conditions. See supra ¶ 6. There is, however, a more fundamental question: whether this application of the “not inconsistent” test is' proper under the limitations in SDCL 23A-27-18.4 and the Constitution.
[¶ 14.] Both this Court and the Legislature have attempted to delineate who supervises inmates, what conditions may be placed on their suspended sentences, and who may revoke their suspended sentences. Our cases have both restricted and expanded the Board’s authority to revoke a circuit court’s suspended sentence for a violation of Board conditions not explicitly imposed by the sentencing judge. See supra ¶ 11 n. 4. As is relevant in this case, the Board’s authority to condition and revoke a court’s suspended sentence has developed through three cases.
[¶ 15.] In 1983, this Court held that there is an implied condition in every suspended sentence that the defendant may not violate the law. State v. Holier, 340 N.W.2d 691, 693 (S.D.1983). Therefore, if an inmate commits a criminal offense, a court’s suspended sentence may be revoked even if that condition was not imposed by the sentencing judge. Id. Then in 1988, this Court recognized the Board’s authority to impose additional conditions as long as they are reasonable and “consistent” with those imposed by the court. Turo, 427 N.W.2d at 846. In Smith, without explanation, this Court rephrased the Turo language to permit additional conditions as long as they are reasonable and “not inconsistent” with those required by the court.[5] Smith, 515 N.W.2d at 224. This unexplained language change was carried over without comment in Austad, 2006 S.D. 65, ¶ 22, 719 N.W.2d at 768 and Mann, 2015 S.D. 13, ¶ 12, 861 N.W.2d at 515. Although this change could be viewed as semantic rather than substantive, it has resulted in a significant expansion of the Board’s authority.
[¶ 16.] As Mann and this case demonstrate, current application of this unexplained change in language has stretched SDCL 23A-27-18.4 and compromised the separation of judicial and executive powers. Under these cases, there is no real limit on conditions the Board may impose.[6] *452 There is no real limit because under the “not inconsistent” test; the Board may impose any condition as long the inmate can comply with both the court’s and the Board’s conditions. See supra ¶ 6 (“Kelley does not explain why he could not comply with both the Board’s conditions — conforming to the rules and program requirements of the Department of Corrections, maintain a good disciplinary record, and satisfactorily participate in programs as assigned — and the court’s conditions. Kelley could have complied with both, as the Board’s conditions do not preclude his ability to be released under supervision.”).
[¶ 17.] Effectively limitless Board conditioning of court-suspended sentences is not consistent with the language of SDCL 23A-27-18.4 or with the division of powers delineated in the Constitution. Consequently, our cases should be re-examined in a future case where the parties have briefed the statutory and constitutional limits on the authority of the executive to condition and revoke a court’s suspended sentence. This should include, but not be limited to, the question whether Smith’s “reasonable and not inconsistent” test has resulted in an improper expansion of the authority of the executive to condition and revoke a circuit court’s suspended sentence.
[¶ 18.] KERN, Justice, joins this special writing.

. See State v. Huftile, 367 N.W.2d 193, 197 (S.D.1985) (concluding that the Board “has been granted the power to revoke when the inmate has been paroled by virtue of a suspended sentence”); Turo v. Solem, 427 N.W.2d 843, 846 (S.D.1988) (concluding that Board had the authority to revoke the suspended sentence when defendant failed to report to parole officer); Smith v. S.D. Bd. of Pardons & Paroles, 515 N.W.2d 219, 225 (S.D.1994) (concluding that the Board did not have authority to revoke defendant’s suspended sentence for a noncriminal activity — the consumption of alcohol); Robinson v. Leapley, 515 N.W.2d 216, 219 (S.D.1994) (per curiam) (concluding that Board exceeded its authority when it revoked defendant’s suspended sentence for violation of parole conditions — failure to keep his parole agent advised of his whereabouts); Grajczyk v. S.D. Bd. of Pardons & Paroles, 1999 S.D. 149, ¶ 16, 603 N.W.2d 508, 513 (concluding that the Board properly revoked the suspended portion of defendant’s sentence when he committed a felony in prison); Austad, 2006 S.D. 65, ¶ 22, 719 N.W.2d at 768-69 (concluding that the Board had the authority to revoke defendant’s suspended sentence for violating two penitentiary conditions); Mann, 2015 S.D. 13, ¶ 14, 861 N.W.2d at 516 (concluding that the Board could revoke an inmate’s suspended sentence for “behavioral” violations of penitentiary rules although the court only imposed “financial” conditions).

. On the same day Smith was published, this Court also issued a per curiam opinion, Robinson v. Leapley, 515 N.W.2d 216, 218 (S.D.1994), with the same interpretation of Turo as Smith. Robinson stated: “In Turo, this Court held that the Board of Pardons and Paroles may impose conditions on a suspended sentence in addition to those imposed by the sentencing court if the additional conditions are reasonable and not inconsistent with those imposed by the sentencing court.” Id. (emphasis added).

. The condition must also be reasonable. "We have recognized that ‘the Board of Pardons and Paroles may impose conditions on a defendant's suspended sentence in addition to those imposed by the sentencing court so long as the additional conditions are reasonable and not inconsistent with those mandated by the court.’ ” Mann, 2015 S.D. 13, ¶ 12, 861 N.W.2d at 515 (emphasis added) (quoting *452 Austad, 2006 S.D. 65, ¶ 22, 719 N.W.2d at 768). But reasonableness is a separate, independent inquiry. See id.